**Harold B. WRIGHT, Jr., Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: May 13, 1986.
Decided: Aug. 15, 1986.

James E. Higgins, Wilmington, for appellant.

Loren C. Meyers, Deputy Atty. Gen., Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., McNEILLY and WALSH, JJ.

WALSH, Justice:

Following a jury trial, Harold B. Wright, Jr. was convicted of first degree rape, attempted first degree rape, first degree kidnapping, possession of a deadly weapon during the commission of a felony, and possession of a deadly weapon by a person prohibited. On appeal, the defendant argues that he was denied his constitutional right to confront and cross-examine the complainant because the trial judge refused to allow evidence of the complainant's past sexual behavior to be admitted into evidence. The defendant also argues that he was denied effective assistance of counsel at trial, but did not raise that claim at the trial court level. We conclude that the trial judge's decision not to conduct an in camera hearing to consider admissibility of the evidence of the complainant's past sexual behavior and his decision to bar such evidence at trial is not reversible error. The defendant's conviction is, accordingly, affirmed.

I

On November 19, 1984, the complainant, a fifteen-year-old high school student, left her home at about 7:40 a.m. to walk to school. While walking on a path leading to the school soccer field, she saw a man nearby who appeared to have been jogging. She heard the man call her to come over to him, and she began to walk faster. He called again, and when the student realized that the man was continuing to follow her, she began to run. The man chased her, caught her, and placed her in a headlock with a knife at her throat.

The assailant told the student to keep quiet and took her about thirty feet into high grass next to the path where he cut

the drawstring of the sweatpants he was wearing and pulled down his sweatpants and gymshorts. He then pulled the student down into the grass and ordered her to perform oral sex on him. The victim complied.

Afterwards, the student asked him if she could leave, but the assailant again forced the victim to the ground and, at knife point, attempted vaginal intercourse. Unable to secure penetration, the assailant allowed the victim to leave after handing her the books, purse, and umbrella she had been carrying.

The victim returned to the path, and saw the rapist signal to her to keep quiet as she hurried to school. When the victim arrived at school at about 8:00 a.m., she first went to her boyfriend's homeroom and told him about the incident. He immediately took her to the assistant principal's office, and school officials contacted the police.

Corporal Susan Brady of the Delaware State Police came to the school to interview the victim and to visit the scene of the alleged attack. Corporal Brady then took the victim to the hospital for a physical examination. At the hospital, the victim's clothing was given to Corporal Brady to preserve for testing for evidence. During the time following the incident, the victim was visibly upset and became hysterical. Nevertheless, she was able to recount the incident to the examining physician, but was unsure whether the assailant had penetrated her vagina.

Acting on the complainant's description of her assailant, the police assembled a photographic lineup of nine men with similar physical descriptions. The complainant identified the photograph of the defendant as that of her assailant. A day later, another student from the same school who

had seen a man on the soccer field path at the time of the incident identified Wright from a photographic lineup.

The police obtained a search warrant and searched the defendant's residence located near the school. They found clothing that matched the descriptions given by the students, including a pair of sweatpants on which the drawstring had been cut. In addition, a knife similar to the one described by the complainant was found in Wright's bedroom. The items were sent for analysis to the Federal Bureau of Investigation's laboratory which discovered two hairs on Wright's sweatpants microscopically similar to those from the complainant's head.

At trial, the defendant relied on an alibi defense. He admitted that he had gone jogging along the path by the high school soccer field on the morning the complainant was allegedly raped but claimed that he had returned to his neighborhood and talked with a neighbor from 7:30 a.m. until 7:55 a.m. The neighbor testified that she saw the defendant after 8 a.m. that day. Although defendant's mother and stepfather testified that defendant had returned to the house at 7:55 a.m., defendant's mother had previously told the police that defendant had returned home at about 8:15 that morning.

On cross-examination of the rape victim, defense counsel asked the victim whether she had had vaginal or oral intercourse prior to the rape. The State objected, and the issue was argued outside the presence of the jury.

The State contended that evidence of the complainant's prior sexual conduct was being offered to attack her credibility, without compliance with the statutory procedure[1] for determining the admissibility of

1. **§ 3508. Rape—Sufficiency of evidence; proceedings in camera.**
    (a) In any prosecution for the crime of rape; an attempt to commit rape if such attempt conforms to § 531 of this title; solicitation for the crime of rape if such offense conforms to § 502 of this title; or conspiracy

to commit rape if such offense conforms to § 512 of this title, if evidence of the sexual conduct of the complaining witness is offered to attack the credibility of the complaining witness the following procedure shall be followed:

such evidence. The State also argued that any testimony relating to the victim's prior sexual conduct would be evidence of a crime since the defendant was below the age of consent. The State concluded that the defense had waived its opportunity to present evidence of the complainant's sexual activity by failing to follow the required procedure.

The defense argued that the purpose of the statutory rules governing admissibility of prior sexual conduct of a rape victim is to prevent surprise. Thus, the defense reasoned, since the prosecution knew about the complainant's prior sexual conduct, there could be no surprise, and the statutory provisions did not apply.

The defendant's purpose for seeking the present evidence of the victim's past sexual conduct was essentially two-fold. First, the defense discovered that the complainant had unprotected sexual intercourse with her boyfriend the day before the alleged rape, and fear of pregnancy might create a motive for false accusation of rape against a third party. Second, defense counsel sought to raise the issue of the complainant's knowledge of sexual activity, since her statement indicated that she was unsure whether the defendant had achieved penetration.

The trial judge sustained the State's objection and excluded the evidence of the victim's prior sexual conduct. He explained that the applicability of the rape shield statute was not limited to cases in which the State would otherwise be surprised by the evidence. But even assuming

that compliance with the statutory procedure could be excused in this case, the trial judge concluded that the defendant had not provided a sufficiently relevant factual basis to permit the victim's credibility to be attacked by introducing evidence of previous sexual conduct.

Defense counsel then moved for a mistrial on the theory that the defendant was precluded from presenting substantial evidence to support his theory of defense; i.e. that the rape had never occurred. The trial court denied defendant's motion for a mistrial, recognizing that even if the statutorily prescribed procedure had been followed, the evidence offered was insufficient to allow the defense counsel to inquire into the victim's sexual history.

The following morning defense counsel renewed his request to cross-examine the complainant on her prior sexual conduct, but the trial judge again denied the motion due to the insufficiency of the offer of proof. Defense counsel, concerned that the limitation on cross-examination resulted from his own erroneous belief that he was not required to comply with the rape shield statute, again moved for a mistrial. Implicit in this motion was the concession that defense counsel had not adequately investigated the victim's prior sexual conduct and thus had rendered ineffective assistance. The trial judge denied the motion for mistrial.

## II

■ Under the confrontation clauses of the United States and Delaware Consti-

---

(1) The defendant shall make a written motion to the court and prosecutor stating that the defense has an offer of proof concerning the relevancy of evidence of the sexual conduct of the complaining witness which he proposes to present, and the relevancy of such evidence in attacking the credibility of the complaining witness.

(2) The written motion shall be accompanied by an affidavit in which the offer of proof shall be stated.

(3) If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, if any, and at such hearing allow the questioning of the

complaining witness regarding the offer of proof made by the defendant.

(4) At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the sexual conduct of the complaining witness is relevant, and is not inadmissible, the court may issue an order stating what evidence may be introduced by the defendant, and the nature of the questions to be permitted. The defendant may then offer evidence pursuant to the order of the court.

(b) As used in this section, 'complaining witness' shall mean the alleged victim of the rape, attempted rape, conspiracy or assault.

tutions, the accused in a criminal proceeding is guaranteed the right to be confronted with the witnesses against him. *Delaware v. Van Arsdall*, 474 U.S. ——, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *Weber v. State*, Del.Supr., 457 A.2d 674, 682 (1983). The principal purpose of the confrontation guarantee is to give the defendant the opportunity to cross-examine the witnesses against him. *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1974). This right to cross-examination is not absolute, however, but subject to reasonable limits where it conflicts with other trial considerations. Thus, "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. ——, 106 S.Ct. 292, 295, 88 L.Ed.2d 15 (1985) (emphasis in original).

■ The trial judge is not required to allow cross-examination on topics of marginal or minimal relevance solely on the conjecture that bias or prejudice might be disclosed. *Weber*, 457 A.2d at 682. To this end the trial court may require an offer of proof to determine whether the evidence to be introduced is sufficiently probative to justify its disparagement of the witness. *Id.* This balancing is statutorily mandated under 11 *Del.C.* section 3508.

■ Evidence of the prior sexual conduct of an alleged rape victim is admissible only when the statutory procedure is followed and the court determines that the evidence proposed to be offered by the defendant regarding the sexual conduct of the alleged victim is relevant. Before offering evidence of prior sexual conduct to attack the credibility of the complaining witness, the defendant must make a written motion stating that the defense has an offer of proof concerning the relevance of the evidence to be used to attack the complainant's credibility. If the court finds that the offer of proof is sufficient, the court must order a hearing out of the presence of the jury and allow the complaining witness to be questioned regarding the offer of proof made by the defendant. At the conclusion of the hearing, the court may issue an order allowing relevant evidence to be introduced by the defendant. 11 *Del.C.* § 3508.

■ Since the defendant has no constitutional right to present irrelevant evidence at trial, and the statute provides for an in camera hearing which allows the defendant a full and fair opportunity to confront his accuser, the rape shield statute is not unconstitutional on its face. *See* Tanford & Bocchino, *Rape Victim Shield Laws and the Sixth Amendment*, 128 U.Pa.L.Rev. 544 (1980). *See generally* Annot., 1 A.L.R. 4th 283, 292 (1980). Instead, the statute provides a meaningful opportunity to present a defense based on the complainant's credibility while protecting the complainant from unnecessary humiliation and embarrassment at trial through marginally probative cross-examination. The statute thus serves a salutary societal interest in encouraging the cooperation of victims of sexual offenses.

■ Following the requirements of the statute, if the defendant's offer of proof is insufficient the court is not required to conduct an in camera hearing. In this case, the trial judge considered the defendant's offer of proof even though it was not presented in writing. Recognizing the importance of protecting the defendant's constitutional rights, the trial judge considered the defense counsel's oral offer of proof and concluded that the offer was insufficient to establish that relevant evidence could be presented to attack the complainant's credibility. Therefore, an in camera hearing was not held nor, under the circumstances, was it required.

The record on appeal supports the trial judge's determination that the evidence was insufficient to require a hearing. The defendant's offer indicated that he intended to show that the complainant made inconsistent statements regarding whether

penetration occurred during the alleged vaginal rape and would further show that the complainant had a motive to fabricate her testimony regarding the rape because she may have feared that she was pregnant from sexual intercourse with her boyfriend the day before the alleged rape.

The trial judge did not find sufficient facts in the offer of proof to establish a basis for attacking the credibility of the complainant. The offer of proof included no basis upon which the trial judge could infer that the complainant had fabricated the incident in order to conceal prior sexual conduct. The complainant had provided a complete history of her conduct to the examining physician. Moreover, if the victim's motive for false testimony was to provide a basis for risk of pregnancy she would have had no reason to report the incident of oral sex. The real issue at trial was identification, not whether certain sexual acts took place exactly as charged. Indeed, the defendant was charged with attempted vaginal rape because of the victim's uncertainty concerning penetration. Impeachment on this charge was clearly tangential and remote.

On the basis of the record on appeal, we find no reason to disturb the trial judge's finding. The offer of proof clearly was inadequate and the defendant was not entitled to an in camera hearing on the admissibility of evidence of prior sexual conduct of the defendant. As applied in this case, the rape shield statute did not abridge the defendant's federal or state constitutional rights.

### III

A claim for ineffective assistance of counsel will not be considered by this Court on direct appeal unless the claim was adequately raised in the court below. *Harris v. State*, Del.Supr., 293 A.2d 291, 293 (1972); Supr.Ct.R. 8. Although defense counsel conceded during the trial that he had not filed the motion and affidavit required by 11 *Del.C.* § 3508, this does not demonstrate a claim of ineffective assistance of counsel. There is no complete record concerning trial counsel's investigation and preparation for trial, and this Court will not consider a claim of ineffective assistance of counsel in the first instance upon direct appeal. *See Duross v. State*, Del.Supr., 494 A.2d 1265, 1269 (1985). Moreover, even where defense counsel concedes performance deficiency it is necessary to establish the resulting prejudice in order to satisfy the requisite standard for reversal. *Id.* at 1268.

\* \* \*

For the foregoing reasons, the judgment of the Superior Court is AFFIRMED.