Joseph SCOTT, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 44, 1993.

Supreme Court of Delaware.

Submitted: March 15, 1994.
Decided: May 26, 1994.
Rehearing Denied June 15, 1994.

James R. Lally, Office of Public Defender, Wilmington, for appellant.

Andrea M. Maybee, Dept. of Justice, Wilmington, for appellee.

Before VEASEY, C.J., MOORE and WALSH, JJ.

MOORE, Justice.

The appellant, Joseph Scott ("Scott"), was convicted by a jury of Unlawful Sexual Intercourse in the First Degree. Twice during the trial the State offered evidence of a guilty plea by another man in a separate rape case involving the same alleged victim. Scott appealed the verdict, claiming that the trial judge committed reversible error by allowing the State to introduce this evidence in violation of Delaware Rules of Evidence ("D.R.E.") 401, 403, and 608(b). The defendant also appealed the trial court's decision excluding evidence of the past sexual conduct of the victim. Appellant argued that this evidence was offered to show the defendant's state of mind and not to attack the credibility of the victim.

We conclude that the trial court correctly excluded evidence of the alleged victim's past sexual conduct. However, it is clear that evidence of the prior rape conviction was admitted for the purpose of bolstering the credibility of the State's witness in violation of D.R.E. 608(b). Accordingly, the appellant's conviction is reversed.

## I.

Scott took custody of his daughter Teresa Lamb ("Teresa")[1] in late October or early November of 1990. Teresa's mother suffered from a drug dependency problem and was not properly caring for her daughter. Teresa was unkempt, had problems in school, and was not being adequately disciplined. Scott brought Teresa to live with him and his girlfriend, Ella Goode ("Goode"), in Newark, Delaware.

It is not clear how Teresa was treated while she lived with Scott. Both Teresa and Goode testified that Scott often spanked Teresa for such things as bad grades, bed wetting, and telling Goode about Scott's unfaithfulness. Scott claims that he only spanked Teresa once to discipline her because she had stolen property. Another point of controversy is whether Scott was ever at home alone with Teresa. Teresa and Goode both testified that Scott and Teresa

had on occasion been home alone together, while Scott denies it.

After a few months of these living arrangements, the relationship between Scott and Goode deteriorated, so Scott took Teresa back to her mother. Soon thereafter, Teresa moved in with her mother's foster mother, Elizabeth Rodgers. In July of 1991, Teresa was sexually abused by Emmanuel Rodgers, Teresa's foster brother. The New Castle County Police Department ("NCCPD") referred the case to the Delaware Division of Child Protective Services ("DCPS"). Ms. Carol Robinson ("Robinson"), a social worker with DCPS, was assigned to the case. Robinson interviewed Teresa on two separate occasions. During the second interview, Robinson asked Teresa if anyone else had ever sexually abused her. Teresa stated that her father, Joseph Scott, had previously sexually abused her.

Teresa described the alleged unlawful sexual intercourse incident to Ms. Robinson and the court. Teresa stated that the incident occurred one afternoon when Teresa came home from school. That afternoon only Teresa and her father were home. According to Teresa, Scott spanked her after he saw that she had a bad grade and she went upstairs to her room. Then, Scott went upstairs, removed Teresa's clothing, and attempted to place his penis inside of Teresa. Just as he began, Goode came home. Scott then quickly pulled up his pants and went into the bathroom. Teresa said that she was crying and that she ran downstairs and told Goode about the incident. However, Goode testified that while she remembered coming home one day when Scott was in the upstairs bathroom, Teresa did not come down the stairs crying and that Teresa never told Goode of a sexual abuse incident.

Teresa's account of the incident to Robinson led to Scott's arrest on August 6, 1991, for the charge of Unlawful Sexual Intercourse, First Degree. On September 3, 1991, Scott was indicted by the Grand Jury. The first trial ended in a mistrial. The retrial of Scott resulted in a verdict of guilty.

1. A pseudonym has been used.

## II.

Appellant's first contention is that the trial court violated Delaware Rules of Evidence 401 or 403 when it admitted evidence that Emmanuel Rodgers pleaded guilty to an unrelated sexual assault on the alleged victim Teresa Lamb, where evidence of the assault was already in evidence. Evidence of Emmanuel Rodgers' assault on Teresa was admitted throughout the trial without objection in order to show how Scott's alleged assault was discovered. This occurred through the testimony of two physicians who treated Teresa following Rodgers' assault, the testimony of Robinson regarding her interview with Teresa, the testimony of the investigating police officer, and the testimony of Teresa herself. On two occasions during trial, the State tried to introduce evidence regarding Emmanuel Rodgers' guilty plea to Unlawful Sexual Intercourse in the Third Degree. On the first occasion, the trial court sustained the defendant's objection that the plea lacked relevance. The State was more successful on its second attempt, arguing that the plea was now relevant because Teresa had been cross-examined and the defendant had tried to impeach her. The State asserted that offering testimony of the guilty plea was necessary to tie up a "loose string," and that it supported Teresa's credibility. The defendant again objected on the ground of relevancy and also pointed out that Teresa's credibility was never attacked. Moreover, Teresa had already been cross-examined when the first attempt to introduce the evidence was rejected by the trial court. Nevertheless, the Court overruled the objection and permitted the State to present testimony regarding Rodgers' guilty plea through Randall L. Hedrick, a detective for the NCCPD Family Services Squad.

■ Determination of relevancy under D.R.E. 401 and unfair prejudice under D.R.E. 403 are matters within the sound discretion of the trial court, and will not be reversed in the absence of clear abuse of discretion. *Mercedes–Benz of North America, Inc. v. Norman Gershman's Things to Wear, Inc.*, Del.Supr., 596 A.2d 1358 (1991). In this case, evidence is relevant where it has a tendency to make the existence of any fact of consequence to the determination of Scott's guilt or innocence more probable or less probable than it would be without the evidence. D.R.E. 401. Even where evidence is relevant, however, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. D.R.E. 403.

The State argued that the prior guilty plea is relevant in order to show that it is more probable than not that Teresa is telling the truth. Clearly, Rodgers' guilty plea makes it more probable than not that Rodgers committed the prior assault against Teresa. But, the proffered inference that Teresa is *now* telling the truth is tenuous. The decision whether to admit testimony as relevant is within the sound discretion of the trial judge. It will not be reversed absent a clear abuse of that discretion. *Lampkins v. State*, Del. Supr., 465 A.2d 785, 790 (1983). We hold that the trial court did not abuse its discretion in admitting the evidence of the prior guilty plea as relevant.

■ That, however, does not end the matter. Under D.R.E. 402, relevant evidence is admissible only if it is not otherwise prohibited by another rule. Scott argues that two additional rules preclude admission of the prior guilty plea. First, appellant points out that D.R.E. 403 provides that even if evidence is relevant, it is inadmissable if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. D.R.E. 403. Scott argues that the trial court should have excluded the evidence because its probative value was substantially outweighed by the dangers enumerated in D.R.E. 403. In this case, the State had only Teresa's testimony which described the Unlawful Sexual Intercourse by Scott. Her testimony was not confirmed by any other witnesses. In fact, some of Teresa's testimony was contradicted by Goode. The case basically turned on Teresa's testimony that the incident occurred, and Scott's testimony that it did not. Thus, Scott claims that, any "improper bolstering of Teresa's testimony created a substantial danger of prejudice sufficient to outweigh whatever minimal relevance the testimony regarding the plea agreement had."

Again, in the absence of a clear abuse of discretion, this Court will defer to the trial court's decision on D.R.E. 403 questions.

### III.

Even though admission of the prior guilty plea survived D.R.E. 401 and 403 analyses, we cannot find that the provisions of D.R.E. 608(b) have been met. D.R.E. 608(b) precludes the introduction of specific instances of conduct for the purpose of supporting the credibility of a witness through the use of extrinsic evidence. The State sought to introduce the evidence of Rodgers' guilty plea in order to support or bolster Teresa's credibility. Following the defendant's objection, the State's attorney said that Rodgers' guilty plea, "supports the credibility of Teresa." The State emphasized the importance of Rodgers' guilty plea as evidence of Teresa's truthfulness in its closing arguments. The State wanted the jury to believe that because Teresa told the truth in a previous sexual abuse trial (in which Rodgers pled guilty), she was telling the truth now. In order to boost Teresa's credibility, the State sought to use a specific instance of conduct by Teresa (telling the truth about another sexual assault) for the purpose of supporting Teresa's credibility (the State explicitly stated that this was its purpose) by introducing extrinsic evidence (the guilty plea of Rodgers).

In *Getz v. State*, Del.Supr., 538 A.2d 726 (1988), this Court held that it was not error for the court to exclude evidence of a prior instance of untruthfulness offered by the defendant, through the testimony of another, to attack the witness' credibility. Conversely, as in this case, it is error for the court to include evidence of a prior instance of truthfulness offered by the State, through the testimony of another, to support a witness' credibility. In the *Getz* decision, the court

also stated that, "Even if such evidence were deemed 'probative of truthfulness or untruthfulness,' it may be presented only through cross-examination." *Getz*, 538 A.2d at 735. Thus, the trial court made two errors. First, the court allowed the State to use extrinsic evidence of specific instances of conduct to support Teresa's credibility. Second, the court allowed this type of evidence to be presented through the investigating officer's testimony and not through Teresa's cross-examination as required by D.R.E. 608(b).

In *Weber v. State*, Del.Supr., 457 A.2d 674 (1983), we recognized that D.R.E. 608(b) was "intended to regulate only the use of specific instances of conduct to prove that the witness is a 'bad person' or is a generally untruthful person who should not be believed." *Id.* at 680 (quoting *United States v. James*, 2nd Cir., 609 F.2d 36, 46 (1979)). The Rule was "designed to avoid 'mini-trials' into the 'bad acts' of a witness," requiring the use of extrinsic evidence. *Weber*, 457 A.2d at 680 (quoting *Carter v. Hewitt*, 3rd Cir., 617 F.2d 961, 969 (1980)). Using the same reasoning, D.R.E. 608(b) was also intended to regulate the use of specific instances of conduct to prove that the witness is a good person or is a generally truthful person who should be believed. The guilty plea of Emmanuel Waters is clearly extrinsic and D.R.E. 608(b) prohibits any use of extrinsic evidence to support a witness' credibility.

Thus, the court erred when it admitted evidence of Rodgers' guilty plea. The evidence was an improper supporting of Teresa's credibility in violation of D.R.E. 608(b).

### IV.

Like the overwhelming majority of states, Delaware has a rape shield statute.[2]

---

**2.** Title 11 § 3508(a) of the Delaware Code states:

**§ 3508. Rape—Sufficiency of evidence; proceedings in camera**

(a) In any prosecution for the crime of rape, unlawful sexual intercourse, unlawful sexual penetration or unlawful sexual contact; an attempt to commit rape, unlawful sexual intercourse, unlawful sexual penetration or unlawful sexual contact, if such attempt conforms to § 531 of this title; solicitation for the crime of rape, unlawful sexual intercourse, unlawful

sexual penetration or unlawful sexual contact, if such offense conforms to § 502 of this title; or conspiracy to commit rape, unlawful sexual intercourse, unlawful sexual penetration or unlawful sexual contact, if such offense conforms to § 512 of this title, if evidence of the sexual conduct of the complaining witness is offered to attack the credibility of the complaining witness the following procedure shall be followed:

Thus, we must consider whether the trial court abused his discretion by prohibiting testimony concerning the victim's sexual history as violative of 11 *Del.C.* § 3508, even though the evidence was purportedly offered to show the defendant's state of mind, and not to attack the victim's credibility.

Twice during the trial Scott tried to offer evidence of Teresa's sexual history with a boy in the neighborhood where she lived with her mother. Scott claims that he wanted to introduce this evidence in order to show Scott's state of mind and his motivation for removing his daughter from her mother's house. Each time Scott sought to introduce the evidence, the State objected on the ground that a motion pursuant to 11 *Del.C.* § 3508 was not filed. On each occasion the defendant argued that § 3508 did not apply because the purpose of the evidence was not to attack Teresa's credibility. Upon the second motion, the trial court found that the motion was "close enough to a 3508 [motion] that it falls within the statute.... [The evidence is] so conjectural, so speculative, that it does nothing, it seems to the court's final analysis, but to cloud the issue." (A–122). Accordingly, the trial court sustained each of the State's objections.

It seems clear that the statute was designed to protect victims from attacks on their credibility. In *Wright v. State*, Del. Supr., 513 A.2d 1310 (1986), this Court stated that, "Evidence of the prior sexual conduct of an alleged rape victim is admissible only when the statutory procedure is followed and the court determines that the evidence proposed to be offered by the defendant regarding the sexual conduct of the alleged victim is relevant." *Id.* at 1314. The Court's statement suggests that evidence of a rape victim's prior sexual conduct offered for *any* purpose must follow the procedure in 11 *Del.C.* § 3508.

■ All evidence of prior sexual conduct inevitably attacks the victim's credibility regardless of the purpose for which it was offered. The purpose of § 3508 is clear. It seeks to allow defenses based on the complainant's credibility while protecting her from unnecessary humiliation and embarrassment. *Wright*, 513 A.2d at 1314. This ensures the cooperation of victims of sexual offenses. *Id.* The purpose of § 3508 is not satisfied if evidence of prior sexual conduct may be offered and admitted simply by calling it another name.

Nevertheless, the statute was not written to require the § 3508 filtering process whenever evidence of prior sexual conduct is introduced for a legitimate reason other than attacking the victim's credibility. Although the language in *Wright* might tend to indicate an expansion by the courts, in *Wright*, the defense conceded it was attacking the alleged victim's credibility, but argued that the purpose of § 3508 was merely to prevent surprise, an argument rejected by the Court. More appropriate reasoning is offered by the United States Court of Appeals for the Fourth Circuit. That court addressed this issue in the context of Federal Rule of Evidence ("F.R.E.") 412 and concluded that it was not intended to exclude evidence of the victim's past sexual conduct when offered solely to show the accused's state of mind. *United States v. Black*, 4th Cir., 666 F.2d 43 (1981). This is despite the fact that the same evidence gets introduced to the jurors. Trial courts, therefore, must exercise great caution in evaluating the motive and likely result of

(1) The defendant shall make a written motion to the court and prosecutor stating that the defense has an offer of proof concerning the relevancy of evidence of the sexual conduct of the complaining witness which he proposes to present, and the relevancy of such evidence in attacking the credibility of the complaining witness.

(2) The written motion shall be accompanied by an affidavit in which the offer of proof shall be stated.

(3) If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, if any, and at such hearing allow the questioning of the complaining witness regarding the offer of proof made by the defendant.

(4) At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the sexual conduct of the complaining witness is relevant, and is not inadmissible, the court may issue an order stating what evidence may be introduced by the defendant, and the nature of the questions to be permitted. The defendant may then offer evidence pursuant to the order of the court.

the introduction of such evidence. If it appears that the probable impact of the evidence is to attack the credibility of the victim, the trial court has the discretion to require the screening of the evidence through the § 3508 process.

In this case, the lower court found that the evidence was likely to substantially affect the victim's credibility without significantly clarifying other issues. Under that circumstance, the trial judge properly exercised his discretion to deny introduction of the evidence for failure to comply with § 3508.

For the foregoing reasons, the judgment of the Superior Court is REVERSED. The matter is REMANDED for a new trial.