Beatrice GARDEN, individually and as the next friend of Carmella Garden, Keisha Garden, and John Garden, Plaintiffs Below, Appellants,

v.

Richard K. SUTTON and the City of Wilmington, a municipal corporation of the State of Delaware, Defendants Below, Appellees.

No. 284, 1995.

Supreme Court of Delaware.

Submitted: April 11, 1996.
Decided/Order Issued: July 22, 1996.
Opinion Issued: Aug. 13, 1996.[1]
As Corrected Aug. 28, 1996.

1. The mandate, which issued on August 8, 1996, was recalled on August 12, 1996; the July 22, 1996 Order is vacated; and this Opinion is issued in lieu thereof.

Bayard J. Snyder, Snyder & Associates, P.A., Wilmington, for Appellants.

William J. Rhodunda, Jr., City of Wilmington Law Department, Wilmington, for Appellees.

Before VEASEY, C.J., HOLLAND and HARTNETT, JJ.

VEASEY, Chief Justice:

In this civil case, we hold that the trial court abused its discretion by denying to plaintiff the right to cross-examine one of the defendants, a former police officer, concerning the circumstances surrounding his termination from the police force. In doing so, we apply to this civil case the evidentiary principles announced in our decision in the criminal case of *Snowden v. State*, Del.Supr., 672 A.2d 1017 (1996).

### The Facts

In this negligence action stemming from an automobile accident, plaintiff below-appellant, Beatrice Garden, appeals from a Superior Court jury verdict in favor of defendants below-appellees, Richard K. Sutton and the City of Wilmington. The record reveals that, on March 14, 1991 at approximately 9:45 p.m., Garden was operating her motor vehicle in downtown Wilmington. Proceeding down Shipley Street, Garden stopped at a traffic light and then turned west onto Seventh Street. Traveling at a rate of speed between 15 and 25 miles per hour, Garden's vehicle struck Sutton's police vehicle, which was facing in the wrong direction on Seventh Street, a one-way street.

At the time of the accident, defendant Sutton was engaged in his duties as a Wilmington police officer. Apparently, Sutton was responding to a radio call from a fellow Wilmington Police Officer, Raymond Wyatt, when the accident occurred. Wyatt observed the driver of a vehicle disobey a stop sign and attempted to stop the vehicle. After halting momentarily, the vehicle sped away and Officer Wyatt gave chase. Although police dispatch did not instruct Sutton to join the pursuit, he voluntarily did so. Sutton then positioned his police vehicle near the intersection of Seventh Street and Shipley Street in order to intercept the fleeing vehicle. Sutton's vehicle was struck by the Garden vehicle shortly thereafter.

Garden filed suit against Sutton and the City of Wilmington seeking compensation for property damage and injuries sustained by herself and her three minor children, who were also in the automobile. Defendants counterclaimed against Garden for contribution or indemnification in the event damages were awarded to the minor children.

After the accident, but prior to trial, Sutton was forced to resign from his position

with the Wilmington Police Department. At trial, plaintiffs' offer of proof was as follows: Sutton's resignation came as a result of a guilty plea which he entered on a misdemeanor charge of reckless burning; Sutton, a married man, was patronizing a bar with a woman with whom he was having an affair; after an altercation between Sutton and the woman, Sutton deceived the woman into surrendering her car keys, and Sutton unlocked the vehicle and later set it on fire.

### Procedural History

After trial concluded, the jury returned a verdict in favor of the defendants and this appeal followed. Garden contends that a new trial is required because: (1) the trial court abused its discretion in denying Garden the right to cross-examine defendant Sutton on the circumstances surrounding his termination from the Wilmington Police Department; (2) the trial court abused its discretion in granting Sutton's motion *in limine* seeking to bar production of certain Internal Affairs documents pertaining to his resignation and prohibiting cross-examination on this subject; and (3) the trial court erred in determining as a matter of law that Sutton was engaged in a "pursuit" at the time of the accident with Garden.

After considering this matter on the briefs, the Court determined that supplemental briefing was required to clarify the applicability to the case at bar of our recent decision in the criminal case of *Snowden v. State,* Del.Supr., 672 A.2d 1017 (1996). We now conclude that, in light of *Snowden,* the trial court abused its discretion in this civil case by denying Garden the right to cross-examine Sutton and by granting Sutton's *motion in limine.* We further conclude that the trial court erred in removing from the jury the issue of whether or not defendant Sutton was engaged in a "pursuit" at the time of the accident. Accordingly, we reverse.

### The Evidentiary Issue Involving Defendant's Resignation from the Police Force

At trial in the Superior Court, the trial judge granted the defendants' motion *in limine* seeking exclusion of any evidence pertaining to defendant Sutton's resignation from the Wilmington Police Department. The trial court ruled that Sutton could not be cross-examined on this evidence pursuant to D.R.E. 608(b) because: (1) the evidence was not relevant under D.R.E. 401; and (2) to the extent the evidence had probative value, this value was outweighed by the danger of unfair prejudice pursuant to D.R.E. 403. This Court reviews for abuse of discretion the decision of a trial court to disallow cross-examination of a witness on the subject of specific instances of misconduct. D.R.E. 608(b); *Scott v. State,* Del.Supr., 642 A.2d 767 (1994). Under the circumstances of this case, we hold that the trial court abused its discretion in excluding the evidence and a new trial must be granted.

 Delaware Rule of Evidence 608(b) allows cross-examination of a witness concerning specific incidents of misconduct which bear on the witness' credibility or reputation for truthfulness. As a general rule, the decision to permit or deny this type of cross-examination is committed to the sound discretion of the trial court. *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). The trial court may not, however, exercise this discretion so as to defeat a party's right to effective cross-examination. As the United States Court of Appeals for the Third Circuit recently held, "[t]o properly evaluate a witness, a jury must have sufficient information to make a discriminating appraisal of a witness's motives and bias. It is an abuse of discretion for a ... judge to cut off cross-examination if the opportunity to present this information is not afforded." *Douglas v. Owens,* 3d Cir., 50 F.3d 1226, 1230 (1995) (citations omitted). Accordingly, this Court has established criteria to guide judicial discretion in this area. *Snowden,* 672 A.2d at 1025; *see also Weber v. State,* Del.Supr., 457 A.2d 674, 681 (1983). As stated in *Weber* and *Snowden,* the trial court must consider:

(1) whether the testimony of the witness being impeached is crucial; (2) the logical relevance of the specific impeachment evidence to the question of bias; (3) the danger of unfair prejudice, confusion of issues,

and undue delay; and (4) whether the evidence is cumulative.

*Snowden,* 672 A.2d at 1025 (*quoting Weber,* 457 A.2d at 681).

■ Although *Snowden* and *Weber* were criminal cases, we find the criteria announced in those cases to be equally applicable in a civil setting. Applying these criteria to the case at bar, we find that the trial court abused its discretion by disallowing cross-examination of Officer Sutton concerning his termination for the following reasons.

First, Officer Sutton's testimony was crucial to the disposition of the case. Apart from Garden, Sutton was the only eyewitness to the accident. Moreover, Sutton's version of the events at issue was completely at odds with the account given by the plaintiff. In this posture, the case turned on a credibility assessment. *See Weber,* 457 A.2d at 682 ("jury [must be] . . . exposed to facts sufficient for it to draw inferences as to the reliability of the witness").

Second, under the facts presented, this evidence bears logical relevance for a number of reasons. There is a real danger that the jury ascribed undue weight to Sutton's testimony because he was a former police officer. A witness' association with the police department tends to provide an independent guarantee of trustworthiness. Since Sutton was no longer a police officer at the time of trial and had not left the police force of his own volition, the jury was entitled to know the circumstances of his resignation in order to temper any undue assumptions made about Sutton's trustworthiness. The circumstances of the reckless burning incident also give some indication of Sutton's truthfulness. The offer of proof was that Sutton, a married man, set fire to a car belonging to a woman with whom he was having an affair and that Sutton lied to this woman, creating false pretenses to allow him access to the vehicle. Circumstances surrounding a witness' misconduct which go directly to truthfulness are important in assessing admissibility.

Third, the dangers of unfair prejudice, confusion of the issues and undue delay were not sufficient to tip the scales against admissibility. Some prejudice to the defense would

arise from the admission of this evidence. This prejudice is outweighed by the probative value of the evidence, however. Confusion of the issues does not present a problem as long as a proper limiting instruction is given confining the jury's consideration of the evidence to the question of witness credibility. No problem of undue delay is implicated, since the alleged circumstances of Sutton's discharge were known to the plaintiff and cross-examination could have proceeded immediately had it been allowed.

Finally, the evidence offered here was not cumulative. In fact, the excluded evidence was the only impeachment evidence available to the plaintiff. Garden does not have a recollection of the events sufficient to rebut Sutton's account, and no other negative character evidence has been brought to light. Thus, the proffered cross-examination can hardly be considered cumulative.

In *Snowden,* which presented a similar factual situation, we found that the defendant's confrontation right had been infringed by the trial court's refusal to permit cross-examination on the subject of the arresting officer's discharge from employment. Although Garden's confrontation rights are not implicated in this civil matter, we find the reasoning of *Snowden* equally compelling in this context. Accordingly, in light of *Snowden,* cross-examination on the subject of Sutton's resignation should have been allowed. *See Douglas,* 50 F.3d at 1231 (holding that trial court's refusal to allow cross-examination concerning police officer's termination was abuse of discretion in civil case).

### *The Evidentiary Issue Involving Discovery of the Internal Affairs Report and Cross–Examination on the Subject Thereof*

■ Garden next contends that the trial court abused its discretion in barring production of the Wilmington Police Department's Internal Affairs Report concerning the incident at issue in the case at bar and prohibiting cross-examination on that subject. The trial court granted the defendants' motion *in limine* because it found that: (a) the report was not relevant as contemplated by D.R.E.

401; and (b) to the extent the evidence had probative value, pursuant to D.R.E. 403, its value was outweighed by the danger of unfair prejudice. This Court reviews for abuse of discretion the decision of a trial court to bar production of documents and limit cross-examination on their contents. *Scott v. State*, Del.Supr., 642 A.2d 767 (1994). Pursuant to this Court's recent decision in *Snowden*, we hold that the trial court's ruling constitutes an abuse of discretion requiring reversal and a new trial. *Snowden*, 672 A.2d at 1022–24.

The discovery process is designed to allow litigants to ferret out relevant evidence in the opposing party's possession. The results of an independent investigation into the circumstances of the Garden–Sutton accident could be relevant to the jury's inquiry. Thus, absent some countervailing reason for barring production of this evidence, plaintiff was entitled to a review of the report to determine its probative value. As in *Snowden*, the defense in the case at bar has asserted a policy basis for the denial of production, *viz.*, the interest of the Police Department in conducting inquiries into potential misconduct free of the specter that the results of the investigation will be used against them in subsequent litigation. In such a situation, it is necessary for the trial court to conduct an *in camera* review of the material to determine which of the competing interests should prevail.

In the instant case, however, production of potentially probative evidence was barred without any prior review of the material by the trial court. We hold that Garden has established the necessary factual prerequisite at least to compel an *in camera* review of the material. The report necessarily is probative of the underlying facts of the case. Moreover, the defense made no representation to the trial court concerning whether the evidence had been reviewed for possible disclosure purposes. On these facts, some review of the report was required to determine the value of its contents and their susceptibility to disclosure.

### The "Pursuit" Issue

■■■ Garden contends that the Superior Court erred in ruling as a matter of law pursuant to Superior Court Civil Rule 50(a)(1) that Sutton was engaged in a "pursuit" at the time of the accident with Garden. The trial court's ruling allowed the defendants to invoke the protection of 21 *Del.C.* § 4106, which allows recovery only for "gross negligence or willful or wanton negligence" against a party "who is the driver of an emergency vehicle ... responding to an emergency call or ... in pursuit of an actual or suspected violator of the law...." We find that the trial court erred in concluding that there was "no legally sufficient evidentiary basis for a reasonable jury to find" for Garden on this issue. Super.Ct.Civ.R. 50(a)(1).

The record reveals that conflicting testimony was offered as to the circumstances in which an officer is deemed to be in "pursuit." The trial court concluded, however, that the policy basis underlying section 4106 was sufficiently important to compel a construction of the term "pursuit" broad enough to foreclose jury determination of this issue. We disagree. By extending the protection of section 4106 to instances where the officer in question is not requested or required to assist in the pursuit, law enforcement and other emergency personnel will not be compelled to exercise the appropriate level of care. If Sutton's response was not required, he should not be afforded the protection of section 4106. This issue presents a jury question.

### Conclusion

Accordingly, the judgment of the Superior Court is hereby **REVERSED** and **REMANDED FOR A NEW TRIAL.**