TERRELL GEE, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 367, 2007
Supreme Court of Delaware.
Submitted: March 12, 2008
Decided: June 4, 2008.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS Justice
This 4th day of June 2008, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) A Superior Court jury found the defendant-appellant, Terrell Gee, guilty of three counts of second degree rape. On June 22, 2007, the Superior Court sentenced Gee to a total period of thirty-six years at Level V incarceration, to be suspended after serving thirty years for a term of probation. This is Gee's direct appeal.
(2) Gee's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Gee's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Gee's attorney informed him of the provisions of Rule 26(c) and provided Gee with a copy of the motion to withdraw and the accompanying brief. Gee also was informed of his right to supplement his attorney's presentation. Gee has raised two cognizable issues for this Court's consideration. The State has responded to Gee's arguments, as well as to the position taken by Gee's counsel, and has moved to affirm the Superior Court's judgment.
(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(4) Gee's first argument is that the Superior Court lacked jurisdiction over his charges because the State did not properly indict him. The record, however, reflects that the grand jury in Gee's case handed down a valid indictment against him on October 16, 2006 charging him with five counts of second degree rape. There is nothing in the record to support Gee's contention that the indictment against him was not properly sworn or recorded. Accordingly, we find no merit to this first claim.
(5) Gee's second argument is that his trial counsel was ineffective for failing to file a motion for a judgment of acquittal. This Court, however, will not review ineffective assistance of counsel claims for the first time on direct appeal.[2]
(6) This Court has reviewed the record carefully and has concluded that Gee's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Gee's counsel has made a conscientious effort to examine the record and the law and has properly determined that Gee could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Wright v. State, 513 A.2d 1310, 1315 (Del. 1986).