# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 0608011014 |
| | ) | |
| TERRELL A. GEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: January 4, 2016
Decided:  March 14, 2016

On Defendant's Third Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

On Defendant's "Motion for Amendment to Rule 61 Application."
**SUMMARILY DISMISSED.**

# <u>ORDER</u>

Joseph S. Grubb, Esquire, New Castle County Prosecutor, Department of Justice, Wilmington, Delaware.

Terrell A. Gee, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

COOCH, R.J.

This 14th day of March, 2016, upon consideration of Defendant's Third Motion for Postconviction Relief and "Motion for Amendment to Rule 61 Application," it appears to the Court that:

1. On June 22, 2007, Defendant Terrell A. Gee was found guilty of three counts of Rape Second Degree and sentenced to 36 years at Level V, suspended after 30 years for a term of

probation.[1]  Defendant's conviction was upheld by the Delaware Supreme Court on June 4, 2008.[2]

2.     On June 3, 2009, Defendant filed his First Motion for Postconviction Relief ("First Motion"), which was denied on November 3, 2009.[3]  This Court's denial of Defendant's First Motion was affirmed by the Delaware Supreme Court on September 23, 2010.[4]  Defendant then filed a Second Motion for Postconviction Relief ("Second Motion") on January 24, 2011.  Defendant's Second Motion was summarily dismissed on February 23, 2011.[5]

3.     On December 29, 2015, Defendant filed both his Third Motion for Postconviction Relief ("Third Motion") and a "Motion for Amendment to Rule 61 Application" ("Motion to Amend").  In his Motion to Amend Defendant states, "[he] is in the investigatory stages and continues to research a basis upon which to proceed" on his Third Motion.[6]  Defendant also states that he anticipates counsel will be retained or appointed and he wants to preserve the opportunity for his future counsel to amend his Third Motion.[7]

4.     Defendant's Third Motion is controlled by Superior Court Criminal Rule 61.[8]  Before addressing the merits of this Third Motion, the Court must address any procedural requirements.[9]

5.     A motion for postconviction relief can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[10]  If a procedural bar exists, the Court will not consider the merits of the postconviction claim unless

---

[1]*Gee v. State*, 950 A.2d 658, 2008 WL 2267185, at* 1 (Del. June 4, 2008) (TABLE).
[2] *Gee v. State*, 950 A.2d 658, 2008 WL 2267185, at* 1 (Del. June 4, 2008) (TABLE).
[3] *Gee v. State*, 5 A.3d 630, 2010 WL 3719891, at* 1 (Del. Sept. 23, 2010) (TABLE).
[4] *Gee v. State*, 5 A.3d 630, 2010 WL 3719891, at* 1 (Del. Sept. 23, 2010) (TABLE).
[5] *State v. Gee*, 2011 WL 880851, at* 1 (Del. Super. Feb. 23, 2011).
[6] Def's. Mot. for Amendment to Rule 61 Application, D.I.# 59 (Dec. 29, 2015).
[7] *Id.*
[8] Super. Ct. Crim. R. 61.
[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[10] Super. Ct. Crim. R. 61(i)(1)-(4).

the Defendant can show that, pursuant to Rule 61(d)(2), the procedural bars are inapplicable.

6.      Rule 61(d)(2) provides for consideration of otherwise procedurally barred claims in two different situations. First, when a defendant pleads with particularity that there is new evidence that creates a strong inference that the defendant is actually innocent.[11] Second, when the defendant pleads with particularity that a new rule of constitutional law that has been made to apply retroactively on collateral review by the United States Supreme Court or the Delaware Supreme Court renders the defendant's conviction or death sentence invalid.[12]

7.      Defendant's Third Motion is procedurally barred for two reasons. First, Defendant's Third Motion is time barred pursuant to Rule 61(i)(1). [13] Defendant filed his Third Motion more than 1 year after his judgment of conviction became final. Defendant's judgment of conviction became final on June 4, 2008.[14] Defendant filed this Motion on December 29, 2015, more than seven-and-a-half years later.

8.      Defendant's Third Motion is also barred because it is a successive motion. Rule 61(i)(2) states, "[n]o second or subsequent motion is permitted under this Rule unless the second or subsequent motion satisfies the pleading requirements in" Rule 61(d)(2). Defendant has failed to satisfy those pleading requirements. Defendant has not plead with any particularity that new evidence exists to create a strong inference that he is actually innocent. Nor has Defendant asserted any new rule of constitutional law has been made to apply retroactively to cases on collateral view and renders his conviction invalid.

Therefore, Defendant's Third Motion and Motion to Amend are **SUMMARILY DISMISSED**.

---

[11] Super. Ct. Crim. R. 61(d)(2)(i).

[12] Super. Ct. Crim. R. 61(d)(2)(ii).

[13] *See* Super. Ct. Crim. R. 61(i)(1) (barring postconviction motions filed more than 1 year after judgment of conviction is final).

[14] *Felton v. State*, 2008 WL 308231, at* 2 (Del. Feb. 1, 2008) (TABLE) (measuring the start of the filing period for a Rule 61 motion from the date the direct Supreme Court mandate was issued and direct appeal process concluded).

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:    Prothonotary
cc:    Investigative Services