IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | § | |
| | § | No. 478, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 9609015504 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 19, 2017
Decided:   September 1, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## ORDER

This 1st day of September 2017, having considered the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a),[1] it appears to the Court that:

(1)   The *pro se* appellant, James Arthur Biggins, who stands convicted of serious sexual offenses, filed this appeal from the Superior Court's order of August 4, 2016, denying a motion for new trial. The motion was filed on Biggins' behalf

---

[1] On June 19, 2017, the appellant filed a motion to file a response to the motion to affirm. Under Supreme Court Rule 25(a), a response to a motion to affirm is not permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no reason to request a response after considering the appellant's motion.

by an attorney with the Office of Defense Services (hereinafter "Counsel").[2] The appellee, State of Delaware, has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Biggins' opening brief that the appeal is without merit. We agree and affirm.

(2) Biggins was convicted and sentenced in 1997 for serious crimes. We affirmed the convictions on direct appeal in 1999[3] and the denial of Biggins' motion for postconviction relief in 2000.[4] Since then, Biggins has filed several *pro se* petitions seeking to overturn his convictions and sentence, all without success.

(3) In 2011, when affirming the Superior Court's denial of Biggins' seventh motion for postconviction relief, we enjoined Biggins from filing anything further in this Court concerning his convictions and sentence without the prior approval of a Justice.[5] The Superior Court issued a similar order in 2014.[6]

(4) On May 13, 2015, Biggins filed a *pro se* motion for new trial. Biggins' motion was based on an April 22, 2015 News Journal article reporting on a nationwide review of pre-1999 convictions that were based on evidence regarding pubic hair identification that is now considered to be flawed. Biggins did not seek

---

[2] The Office of Defense Services provides legal services to indigent and incarcerated individuals.
[3] *Biggins v. State*, 1999 WL 1192332 (Del. Nov. 24, 1999).
[4] *Biggins v. State*, 2000 WL 1504868 (Del. Sept. 26, 2000).
[5] *Biggins v. State*, 2011 WL 2731214 (Del. July 11, 2011).
[6] *See State v. Biggins*, Cr. ID No. 9609015504 (Del. Super. June 13, 2014) (ORDER) (copy attached).

2

the Superior Court's permission to file the motion for new trial and did not seek permission to file an amended motion for new trial on July 13, 2015.

(5)     On July 15, 2015, the State informed the Superior Court that the U.S. Department of Justice had issued a report on June 25, 2015 (hereinafter "the Report") identifying Biggins' convictions as among those that were based on the evidence that was now determined to be invalid. The State provided a copy of the Report to the Superior Court and Counsel.

(6)     On June 27, 2016, Counsel filed a motion for new trial on behalf of Biggins. The motion argued, under Superior Court Criminal Rules 61 and 33, that the information provided in the Report constituted newly discovered evidence. After considering the motion and the State's response opposing the motion, the Superior Court denied the motion in an order issued on August 4, 2016.

(7)     On August 19, 2016, Biggins filed a *pro se* motion for reargument of the August 4 order. Biggins sought reargument on the basis that the motion for new trial filed by Counsel was unauthorized because Biggins had neither requested nor agreed to the assistance of counsel, and that the Superior Court should have considered and ruled on Biggins' *pro se* motion and amended motion for new trial.

By order dated September 2, 2016, the Superior Court denied Biggins' motion for reargument as untimely filed.[7]

(8)     As a preliminary matter, having considered the parties' submissions, we agree with the State's position that the Court is without jurisdiction to consider Biggins' appeal because the notice of appeal was untimely filed.[8]  Biggins filed the appeal on September 19, 2016, outside of the thirty-day appeal period.[9]  Biggins' untimely motion for reargument did not toll the time for filing the appeal.[10]

(9)     Assuming, for the sake of argument, that the appeal from the August 4 order was timely filed or that Biggins intended to appeal the September 2 order denying his motion for reargument, there is no doubt but that we would have affirmed the Superior Court's judgment on the basis of the court's August 4 and September 2 orders, which were well-reasoned and free from error.  In particular, we note an agreement with the Superior Court's determination that the evidentiary issue Biggins sought to raise was immaterial to the integrity of his conviction.  That evidentiary issue *might* have some materiality in a case where there was a legitimate question whether Biggins had sex with his victim.  Here, there was not.  His defense, rejected by the jury, was that the sex at issue in the *three counts of unlawful sexual*

---

[7] *See* Del. Super. Ct. Civ. R. 59(e) (providing that a motion for reargument must be filed within five days of the court's decision).

[8] *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971).

[9] Del. Supr. Ct. R. 6 (a)(iv).

[10] *Boyer v. State*, 2007 WL 452300, at *1 (Del. Feb. 13, 2007) (citing *McDaniel v. DaimlerChrysler Corp.*, 860 A.2d 321, 323 (Del. 2004)).

4

*intercourse of which he was found guilty* was consensual, not that it did not involve him. When affirming the judgment, we would have rejected Biggins' claim on appeal that the Superior Court should have considered his *pro se* motion and amended motion for new trial, as those motions were filed in 2015 without Biggins having obtained the prior approval required by the injunction imposed in 2014. We also would have rejected Biggins' claim on appeal that Counsel failed in his continuing obligation to file the appeal on behalf of Biggins, because the Court does not consider a claim of ineffective assistance of counsel that was not considered by the Superior Court in the first instance.[11]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Leo E. Strine, Jr.*

Chief Justice

---

[11] *Wright v. State*, 513 A.2d 1310, 1315 (Del. 1986).

5

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5257

June 12, 2014

James Arthur Biggins
SBI# 00319264
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

    Re: Def. ID# 9609015504

Dear Mr. Biggins:

    The Court is in receipt of your Motion for Transcripts, Affidavit in Support of Application to Proceed *In Forma Pauperis* and Petitioner's Motion for a New Trial filed May 30, 2014.

    You were convicted and sentenced on October 17, 1997, almost 17 years ago. You have filed numerous motions in Superior Court and appeals to the Supreme Court. As noted by the Supreme Court on July 17, 2011, "We also find that Biggins' numerous filings in this Court, including the instant appeal, constitute an abuse of the processes of the Court."

    You have filed nine post-conviction motions in Superior Court. There are no grounds set forth in your May 30, 2014 motions that could not have been raised in your previous motions. Therefore, your Motion for Transcripts, Affidavit in Support of Application to Proceed *In Forma Pauperis* and Motion for a New Trial are denied.

    Additionally, you are prohibited from filing any matter without first obtaining prior written approval of the Court because of the number of merit less pleadings you have filed in this matter.

    IT IS SO ORDERED.

Very truly yours,

T. Henley Graves

THG:tll

cc:    Prothonotary's Office