**Dorion TATUM, Defendant Below–Appellant**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

No. 446, 2006.

Supreme Court of Delaware.

Submitted: Sept. 14, 2007.
Decided: Dec. 12, 2007.

Before BERGER, JACOBS, and RIDGELY, Justices.

### *ORDER*

This 12th day of December 2007, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The defendant-appellant, Dorion Tatum, filed this direct appeal pro se from his convictions and sentencing on one count each of maintaining a vehicle for keeping controlled substances, possession of marijuana, possession of cocaine, possession of drug paraphernalia, being in a park during the hours of darkness without permission, and two counts of possession of a hypodermic needle without authorization. After considering the parties' respective positions, we find no merit to Tatum's appeal. Accordingly, we affirm the judgment of the Superior Court.

(2) The record below reflects that Tatum filed a pretrial motion to suppress the evidence seized from his vehicle, which the

Superior Court denied after a hearing. Shortly before his trial, Tatum requested and was permitted to represent himself at trial, with his prior attorney remaining as stand-by counsel. The State's testimony at Tatum's bench trial reflected that Officer Brian Burke found a vehicle backed into a parking space in River Road Park at 2:47 am on November 8, 2004. He shone his headlights on the vehicle and approached the vehicle on foot with a flashlight in his hands. He saw a head pop up from the back seat of the vehicle. He looked in the back seat and saw Tatum in a sleeping bag. Burke stated that Tatum was not wearing any pants and could not provide information about the owner of the vehicle. Tatum told Burke that he was waiting for a female friend but did not provide her name. Burke requested Tatum to step out of the vehicle and into the patrol car.

(3) Upon exiting the vehicle, Officer Burke testified that he noticed blood specks on Tatum's shirt and fresh track marks on his arms. Another officer then arrived to assist Burke, who informed the officer of his observations regarding the track marks on Tatum's arm. The officer illuminated the inside of Tatum's vehicle with his flashlight and saw what appeared to be fresh blood on the center console. The officer then opened the console and found hypodermic needles, syringes, cocaine, and marijuana. Tatum testified at trial. He stated that he was unaware that he was on parkland when he parked his car. He admitted that the drugs and paraphernalia in the vehicle were his. Tatum contradicted Burke's statements regarding

his track marks being visible and about blood on the center console, and thus challenged the legality of the search of the vehicle. The Superior Court found Tatum guilty.

██ (4) Tatum enumerates six arguments in his opening brief. Three of those arguments challenge the performance of his trial counsel. Claims of ineffective assistance of counsel are not reviewable on direct appeal, however.[1] Accordingly, the Court will not address those claims here. Tatum's remaining three arguments actually raise only two separate claims. First, he claims that his presence in the park after hours was justified because he was not put on proper notice that he was on parkland. Second, he challenges the credibility of Burke's testimony regarding the circumstances justifying the search of Tatum's vehicle, which Tatum claims was illegal.

██ (5) With respect to Tatum's challenge to his conviction of being in a park after dark, it is manifest that this Court lacks jurisdiction to consider his appeal of this conviction. Tatum's sentence on that charge does not meet the jurisdictional threshold of article IV, section 11(1)(b) of the Delaware Constitution, which provides that this Court's appellate jurisdiction in criminal actions is limited to cases "in which the sentence shall be death, imprisonment exceeding one month or fine exceeding One Hundred Dollars."[2] Tatum's sentence on the charge of being in a park after dark was a fine of $100, which clearly does not meet the jurisdictional threshold of a fine *exceeding* $100.[3] Accordingly, we cannot review Tatum's second claim.

---

1. *Wright v. State,* 513 A.2d 1310, 1315 (Del. 1986).

2. Del. Const. art. IV, § 11(1)(b).

3. *See Marker v. State,* 450 A.2d 397, 399 (Del. 1982). In fact, the only conviction properly before the Court in this appeal is Tatum's

conviction for maintaining a vehicle. On that charge, the Superior Court sentenced him to 46 days at Level V incarceration, suspended for time served. None of the Superior Court's sentences on Tatum's remaining convictions is sufficient to invoke the Court's constitutional appellate jurisdiction.

 (6) Finally, Tatum charges that Burke's testimony was not credible, and that the evidence was insufficient to establish probable cause to justify the search of his vehicle. We disagree. The factfinder is solely responsible for judging the credibility of the witnesses and resolving conflicts in the evidence.[4] In this case it was entirely within the trial judge's discretion to credit Burke's version of events. Given Burke's testimony that Tatum's track marks and the blood on the car's console were both in plain view, the Superior Court did not err in finding that the search of Tatum's vehicle was legal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

/s/ Jack B. Jacobs Justice

---

**4.** *Tyre v. State,* 412 A.2d 326, 330 (Del.1980).