CHAD McCLOSKEY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 90, 2008.
Supreme Court of Delaware.
Submitted: November 7, 2008.
Decided: January 27, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 27th day of January 2009, upon consideration of the briefs of the parties and the Superior Court record, it appears to the Court that:
(1) Chad McCloskey appeals his convictions, following a jury trial, of multiple burglaries and related offenses committed between September 30, 2006, and December 3, 2006. He argues that his convictions should be reversed because: (1) the trial court abused its discretion in admitting certain evidence; (2) his counsel was ineffective; and (3) the prosecutor engaged in misconduct. We find no merit to these claims, and affirm.
(2) During their two-month crime spree, McCloskey and his friend, Jason Scott, broke into homes, garages, and barns in Sussex County, near where they both lived. They stole everything from ATVs and go-carts to fishing rods and clothing. In addition, McCloskey and Scott deliberately damaged the homes they invaded. At one location, for example, the two men tore an upstairs toilet off the wall, causing the water to overflow and destroy the first floor walls and ceiling.
(3) McCloskey's first trial ended in a mistrial. After the second trial, he was convicted on 50 of the 68 counts alleged in the indictment. The Superior Court sentenced him to a total of more than 11 years at Level V followed by periods of decreasing supervision. In addition, McCloskey was ordered to pay approximately $55,000 in restitution.
(4) In this pro se appeal, McCloskey first argues that the trial court abused its discretion in admitting into evidence a letter he wrote to Scott while the two were incarcerated. He says that the letter was ruled inadmissible at the first trial, and that the prosecutor "used perjury and dishonesty" when introducing the letter at the second trial.
(5) This argument rests on a mistaken premise. In the first trial, the State had asked Scott some foundation questions about the letter, but had not moved its admission before the Superior Court recessed the trial for lunch. After the break, the trial court declared a mistrial, based on matters having nothing to do with the letter. There was no ruling on the admissibility of the letter. Thus, McCloskey's claim that, in the first trial, the court ruled the letter inadmissible is factually wrong.
(6) In addition, we find no abuse of discretion in the trial court's decision to admit the letter in the second trial. Although Scott had said that he did not recognize McCloskey's handwriting at the first trial, he also volunteered that he was "pretty sure [he] know[s] who wrote it." There were no follow up questions before the lunch break, and after lunch the court declared a mistrial. In the second trial, Scott authenticated the letter by testifying that it was McCloskey's handwriting, and that the letter included McCloskey's name at the bottom and discussed the crimes he and McCloskey committed together. That testimony was sufficient to authenticate the letter.[1]
(7) McCloskey also challenges the admission of hearsay statements during the State's cross-examination of the chief investigating officer. But McCloskey "opened the door" by asking the witness for hearsay testimony on direct examination. "Generally, when a party opens up a subject, he cannot object if the opposing party introduces evidence on the same subject. This is true even though the evidence . . . would have been inadmissible if the cross-examiner had offered it directly . . . ."[2] We find no abuse of discretion in allowing the State to cross-examine on the hearsay evidence introduced by McCloskey.
(8) In his second claim, McCloskey argues that his trial counsel was ineffective. This Court does not consider ineffective assistance of counsel claims on direct appeal.[3]
(9) Finally, McCloskey claims that the prosecutor engaged in misconduct by allowing Scott to give false testimony. There is no evidence that Scott gave false testimony, or that the State knowingly suborned perjury. Scott's testimony at the two trials was not entirely consistent, and McCloskey explored the inconsistencies in an effort to undermine Scott's credibility. But there is nothing in this record to suggest that the State acted improperly in calling Scott as a witness or in eliciting any of his testimony.
10) Based on our review of the record, it appears that there was one error that we address sua sponte. The record indicates that Count 63, Cr. A. No. S06-12-0582, was one of eight second degree conspiracy counts that were dismissed. The transcript of the sentencing, however, indicates that McCloskey was sentenced on this count to one year at Level V suspended after 30 days. Accordingly, we remand this matter for the trial court to review the record and determine whether McCloskey's sentence must be corrected.
NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED. This matter is remanded for correction of sentence, if appropriate, in accordance with paragraph 10 of this Order. Jurisdiction is not retained.
NOTES
[1] Smith v. State, 902 A.2d 1119 (Del. 2006).
[2] Smith v. State, 913 A.2d 1197, 1239 (Del. 2006).
[3] Tatum v. State, 941 A.2d 1009, 1010 (Del. 2007) (citing Wright v. State, 513 A.2d 1310, 1315 (Del. 1986)).