# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

GASPARE FERRANTE,                          )
                                           )
      Appellant,                           )
                                           )
      v.                                   )      C.A. No. N14A-09-010FWW
                                           )
                                           )
DELAWARE PARK CASINO &                     )
UNEMPLOYENT INSURANCE                      )
APPEALS BOARD,                             )
                                           )
      Appellees.                           )

Submitted: December 10, 2014
Decided: March 12, 2015

Upon Appellant's Appeal of the Unemployment Insurance Appeals Board's
Decision:
**AFFIRMED.**

## OPINION AND ORDER

Gaspare Ferrante, *pro se*, 1026 Oaklyn Court, Vorhees, New Jersey 08043,
Appellant.

Paige J. Schmittinger, Esquire, Delaware Department of Justice, 820 North French
Street, Wilmington, Delaware 19801; Attorney for Appellee Unemployment
Insurance Appeal UIAB.

Wendy K. Voss, Esquire, and Janine L. Hochberg, Esquire, 1313 North Market
Street, 6th Floor, P.O. Box 951, Wilmington, Delaware 19899-0951, Attorneys for
Appellee Delaware Park Management Company, LLC.


**WHARTON, J.**

# I. INTRODUCTION

Gaspare Ferrante ("Appellant") filed a Notice of Appeal on September 19, 2014 requesting judicial review of the September 9, 2014 decision of the Unemployment Insurance Appeals Board ("UIAB"). Appellant contends that the UIAB erred in upholding his termination for just cause and denying him unemployment insurance benefits.

In considering the appeal, the Court must determine whether the UIAB's decision to uphold Appellant's termination and deny Appellant unemployment insurance benefits is supported by substantial evidence and free of legal error. Upon consideration of the pleadings before the Court and the record below, the Court finds that there is substantial evidence to support the UIAB's ruling and the UIAB did not err in reaching its decision. Accordingly, the UIAB's decision is **AFFIRMED**.

# II. FACTUAL AND PROCEDURAL CONTEXT

Appellant was employed as a full-time Games Dealer by Delaware Park Management Company, LLC ("Delaware Park") from March 16, 2012 until April 22, 2014.[1] Appellant applied for unemployment insurance through the Department of Labor beginning April 27, 2014.[2] In a Notice of Determination, on May 22, 2014, Appellant was notified that he was disqualified from receiving benefits

---

[1] *See* June 19, 2014 Tr., D.I. 7, at 5:15-6:8.
[2] R. at 32.

under 19 *Del. C.* § 3314(2) because he was terminated for just cause.[3] Appellant appealed the determination and a hearing was scheduled before an Appeals Referee.[4]

At the June 19, 2014 hearing before an Appeals Referee, a Delaware Park Representative ("Representative") and Appellant testified. Before hearing testimony, the Appeals Referee stated that the "issue on appeal is whether or not the claimant was discharged from work for just cause in connection with the work and would be disqualified from the receipt of unemployment benefits."[5]

Representative testified that Appellant was employed as a full-time Games Dealer at Delaware Park from March 16, 2012 until April 22, 2014.[6] Representative stated that Appellant was suspended pending an investigation of misconduct on April 16, 2014 after a Delaware Park patron dropped a hundred dollar bill on the casino floor and Appellant allegedly picked up the bill and put it in his pocket.[7]

Representative testified that Delaware Park policy requires that any Delaware Park employee who finds money on the casino floor "is to immediately bring that money to a security officer or a cage supervisor. [Appellant] didn't."[8]

---

[3] R. at 32.
[4] R. at 35-36.
[5] June 19, 2014 Tr. at 3: 23-4:1.
[6] *Id.* at 5: 15-6:8.
[7] *Id.* at 9:11-19.
[8] *Id.* at 9: 20-22.

Representative stated that late in Appellant's shift, he reported finding money on the casino floor to a Delaware Gaming Enforcement Official ("Gaming Official") and Appellant turned in a twenty dollar bill.[9] Representative testified that, upon being interviewed by Delaware Park management, Appellant admitted that he had kept the remainder of the money for himself.[10] Representative asserted that Delaware Park management evaluated the situation and found that Appellant had violated Delaware Park Standard of Conduct Number 11[11] prohibiting vandalism and misappropriation.[12] Representative stated that due to the severity of the situation, Appellant was immediately dismissed after a brief investigation of the incident.[13]

Additionally, Representative admitted into evidence several documents at the hearing. Representative submitted a copy of the Standards of Conduct[14] and Appellant's executed "Employee Acknowledgment Form" in which he acknowledged receipt of the Standards of Conduct on April 19, 2012.[15] Representative also admitted into evidence an April 22, 2014 "Employee

---

[9] *Id.* at 9: 22-25.
[10] *Id.* at 10: 1-2.
[11] *See* R. at 18 (Standard of Conduct Number 11 provides: "[t]heft, vandalism misappropriation, or willful destruction of employees', guests' or Company property or destruction / damage of any value resulting from negligence" is an act that "may be considered cause for immediate dismissal.").
[12] June 19, 2014 Tr. at 10: 8-13.
[13] *Id.*
[14] R. at 49.
[15] R. at 50.

Counseling Notice" prepared by Delaware Park management that specified that Appellant violated Standard of Conduct Number 11.[16] The Notice details the infraction, memorializes Appellants admission of violating Standard of Conduct Number 11 and notes that Appellant's termination became effective on April 22, 2014.[17]

Additionally, Representative entered into evidence an "Incident Report" prepared by Delaware Park management the same day as the incident.[18] The Report indicates that video surveillance of the casino floor showed that a patron dropped a hundred dollar bill on the floor and that Appellant picked up the bill and placed it in his left pants pocket.[19] The Report also indicates that Delaware Park management received a call from a Gaming Official that Appellant had turned in a twenty dollar bill and stated that he had found it on the casino floor.[20] The Report specifies that during an interview with Delaware Park management Appellant initially stated that he had found a twenty dollar bill on the casino floor and held onto it until he could turn it in to security; however, upon being informed that Delaware Park management would view the surveillance video, Appellant admitted that he had found a hundred dollar bill and had turned in a twenty dollar

---

[16] R. at 51.
[17] *Id.*
[18] R. at 52.
[19] *Id.*
[20] *Id.*

5

bill because he wanted to keep the rest for himself.[21] The Report indicates that when asked to return the hundred dollar bill, Appellant retrieved it from his right sock.[22]

Appellant testified that he eventually returned the money to the appropriate authority and that he is the victim of gambling.[23] He also testified that no member of Delaware Park management read the standards of conduct booklet to him when it was provided to him and that if someone had explained it to him, he would have followed the procedures set forth in the booklet.[24]

The Appeals Referee determined that Appellant was terminated for just cause and is disqualified from receiving unemployment benefits pursuant to 19 *Del. C.* § 3314(2).[25] In the decision, the Referee determined that "an action of an employee indicating dishonesty and untrustworthiness will justify discharge of that employee. 'When an Employer, because of an employee's wrongful conduct, can no longer place the necessary faith and trust in an employee, the Employer is entitled to dismiss such employee without penalty.'"[26] On July 3, 2014, Appellant appealed the Referee's decision to the UIAB and indicated that he misunderstood

---

[21] *Id.*
[22] *Id.*
[23] June 19, 2014 Tr. at 10: 20-22.
[24] *Id.* at 11: 7-11.
[25] R. at 53.
[26] R. at 55 (citing *Barisa v. Charitable Research Found., Inc.*, 287 A.2d 679, 682 (Del. Super. 1972) (alteration in original)).

the accusations lodged against him and that he mistakenly returned a twenty dollar bill instead of the hundred dollar bill.[27]

### A. The UIAB's Hearing

The UIAB held a hearing on August 20, 2014.[28] At the hearing, a UIAB member informed the parties that the UIAB had reviewed the Referee's decision as well as the documents submitted to the Referee.[29] The UIAB also indicated that the purpose of the hearing was for the parties to submit any new evidence or raise arguments that had not been litigated before the Referee.[30]

Appellant testified that the Referee's decision was based upon false information because Appellant did not follow a patron and did not see the patron drop the hundred dollar bill and pick it up.[31] Appellant also testified that "it was [his] misjudgment that night that [he] took the hundred dollars" but emphasized that he eventually returned the money.[32] Appellant acknowledged that he admitted to Delaware Park management that he took the hundred dollar bill and offered to donate his next two paychecks to a charity of the company's choosing in lieu of being discharged.[33]

---

[27] R. at 58.
[28] R. at 60.
[29] Aug. 20, 2014 Tr. at 3: 20-25.
[30] *Id.* at 4: 1-4.
[31] *Id.* at 4: 17-24.
[32] *Id.* at 5: 10-11.
[33] *Id.* at 5: 15-17.

7

Appellant testified that his English is very poor but admitted that his signature appears at the bottom of the Employee Counseling Notice dated April 22, 2014[34] and stated "I violat[ed] company policy."[35] Appellant also admitted that his signature appears at the bottom of the Employee Acknowledgement Form.[36] Appellant also testified that he believes the Referee's decision punished him twice for his mistake; he already lost his job that he loved and should not be punished again by being refused unemployment insurance benefits.[37] Additionally, Peter Mitchell testified that he is "[Appellant's] interpreter basically because [Appellant's] English is very poor as you can tell. [Appellant] doesn't understand a lot of the things on the paper."[38]

Delaware Park elected to stand on the record below.[39] Representative testified that there was no indication that Appellant ever had a problem understanding English or required an interpreter.[40]

## B.    The UIAB's Written Decision

In a decision that became final on September 19, 2014, by a majority vote, the UIAB affirmed the Referee's decision and denied Appellant's receipt of

---

[34] *Id.* at 6: 4-5.
[35] *Id.* at 6: 11-12.
[36] *Id.* at 6: 15-19.
[37] *Id.* at 8: 19- 9: 6.
[38] *Id.* at 7: 3-5.
[39] *Id.* at 7: 18-19.
[40] *Id.* at 7: 23-8: 4.

unemployment insurance benefits.[41]  The UIAB determined that "an employer has the burden of proving by a preponderance of the evidence that a claimant was terminated for 'just cause.'"[42]  The UIAB defined "just cause" as "a 'willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct.'"[43]  The UIAB further explained that "'[w]illful and wanton conduct is that which is evidenced by either conscious action, reckless indifference leading to a deviation from established and acceptable workplace performance.'"[44]  The UIAB noted that it is the UIAB's function to weigh the evidence and determine witness credibility.[45]

The UIAB found that Appellant's actions constituted willful and wanton misconduct when Appellant took the hundred dollar bill from the casino floor and turned in a twenty dollar bill to the Gaming Official.[46]  The UIAB determined that Appellant's conduct was such that Delaware Park need not place further faith and trust in Appellant.[47]  Furthermore, the UIAB found that Appellant's argument that he inadvertently mixed up the bills was not credible.[48]  Based upon these findings, the UIAB affirmed the Referee's decision that Appellant was terminated for just

---

[41] R. at 70.
[42] *Id.*
[43] *Id.* (quoting *Avon Products, Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986)).
[44] *Id.* (quoting *MRPC Financial Mgmt. LLC v. Carter*, 2003 WL 21517977, at *4 (Del. Super. June 20, 2003)).
[45] *Id.*
[46] *Id.*
[47] *Id.*
[48] *Id.*

cause and, therefore, Appellant was disqualified from receiving unemployment benefits under Delaware law.[49]

### III. THE PARTIES' CONTENTIONS

Appellant essentially asserts the same arguments in his Opening Brief as were presented to the UIAB. Appellant contends that he made an honest mistake in turning in a twenty dollar bill instead of the hundred dollar bill; that he did not see anyone drop the bill and did not immediately pick it up but that "[t]he bill was just laying there for anyone to pick up;" that despite his request at the hearing, the casino did not provide the video of the incident; and that his English is poor and that he "probably did not understand the Delaware Park's Employee Handbook as [he] should have."[50] Additionally, Appellant asserts that "[He] never brought up the fact of Delaware Park taking away [his] license during [his] previous appeals. However, [Delaware Park has] prevented [him] from finding gainful employment [by taking the license]" ("License Issue").[51]

Counsel for Delaware Park argues that the UIAB's decision should be upheld because it is supported by substantial evidence and is free of legal error.[52] Specifically, Counsel for Delaware Park argues that the UIAB correctly

---

[49] *Id.*
[50] Appellant's Opening Br., D.I. 6, at 1-2.
[51] *Id.* at 2.
[52] Appellee Delaware Park's Answering Br., D.I. 9, at 10.

10

determined that Delaware Park had just cause to terminate Appellant[53] and the

UIAB acted within its discretion to reject Appellant's claim that he made an honest

mistake.[54] Counsel for Delaware Park contends that Appellant's argument that he

does not understand English well is meritless because Appellant responded to

questions at the hearing in English, Appellant did not ask for a translation of the

employee handbook and be able to discern the difference between a twenty dollar

bill and a hundred dollar bill is not a matter of linguistic interpretation but

numerical recognition.[55]

Counsel for Delaware Park also argues that Appellant has waived the right

to appeal the License Issue because Appellant admits that he did not raise the issue

before the UIAB.[56] Counsel for Delaware Park alternatively argues that,

considered on the merits, Appellant's License Issue argument fails because

> [employee gaming] licenses do not belong to individual employees, but rather are considered property of the Lottery Office. Pursuant to state regulations, Delaware Park is *required* to return employee licenses to the Lottery Office when an employee is terminated. *See, e.g.*, 10 *Del. Admin. C*. § 203-14.0 ('[T]he license is the property of the Lottery and shall be returned to the Lottery when the licensee's employment is either terminated involuntarily by the employer or terminated at the request of the employee.').[57]

---

[53] *Id.* at 10-11.
[54] *Id.* at 12.
[55] *Id.* at 11 n.2.
[56] *Id.* at 13.
[57] *Id.*

Counsel for the UIAB indicated that the UIAB does not intend to participate in the appeal because the UIAB "has no cognizable interest in seeking to have its rulings sustained."[58]

## IV. STANDARD OF REVIEW

The UIAB's decision must be affirmed so long as it is supported by substantial evidence and free from legal error.[59] Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion.[60] While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[61] Questions of law are reviewed *de novo*[62] but because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the UIAB unless the Court finds that the UIAB "acts arbitrarily or capriciously" or its decision "exceeds the bounds of reason."[63]

## IV. DISCUSSION

In this appeal, Appellant raises arguments challenging the validity of the UIAB's decision. Several of Appellant's arguments were raised before the UIAB at the August 20, 2014 hearing. However, Appellant's License Issue argument was

---

[58] Letter from Appellee UIAB, D.I. 10, at 1.
[59] *Unemployment Ins. Appeal Bd. of Dep't. of Labor v. Duncan*, 337 A.2d 308, 309 (Del. 1975).
[60] *Oceanport Indus. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[61] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).
[62] *Ward v. Dep't of Elections*, 2009 WL 2244413, at *1 (Del. Super. July 27, 2009).
[63] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).

not raised before the UIAB. The Court must examine the License Issue in a different context than it examines the issues presented to the UIAB. Therefore, the Court considers the License Issue first.

**A.     The Court Must Not Consider the Merits of Arguments Not Raised Before the UIAB.**

When considering Appellant's arguments on appeal, the Court is limited to the record that existed at the time of the UIAB's decision.[64] Therefore, to the extent than an issue was not previously raised before the UIAB, the Court cannot consider it now on the merits.[65]

Appellant's License Issue argument that he cannot gain employment because Delaware Park took his gaming license was not raised before the UIAB. Furthermore, in Appellant's Opening Brief, Appellant acknowledges that the License Issue has never been raised in a prior proceeding.[66] Therefore, the Court declines to address the merits of this argument.

**B.     The UIAB's Decision That Delaware Park Had Just Cause to Terminate Appellant is Supported by Substantial Evidence and Free of Legal Error.**

Appellant's remaining arguments seek to void the UIAB's decision. However, Appellant does not argue that the decision lacks substantial evidentiary

---

[64] *See Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976) ("Upon appeal…the Superior Court is limited to consideration of the record which was before the administrative agency.").

[65] *Id.*

[66] *See* Appellant's Opening Br., at 2 ("I never brought up the fact of Delaware Park taking away my license during my previous appeals.").

support or that the UIAB committed legal error. Instead, Appellant's remaining arguments question the merits of the UIAB's decision. The Court will not reexamine the merits of the issues raised before the UIAB but, instead, reviews the UIAB's decision for legal error and substantial evidence.

Pursuant to 19 *Del. C.* § 3314(2),

> [a]n individual shall be disqualified for [unemployment insurance] benefits:…(2) [f]or the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work and for each week thereafter until the individual has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.

Just cause for discharged includes a "willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[67] Because the UIAB affirmed the Referee's application of this standard and determined that Appellant was terminated for just cause, the Court cannot find that the UIAB committed legal error in denying Appellant unemployment insurance benefits.

Furthermore, the UIAB's finding that Appellant was terminated for just cause is supported by substantial evidence. The UIAB affirmed the Referee's decision that Delaware Park had just cause to terminate Appellant based upon the

---

[67] *Majaya v. Sojourner's Place*, 2003 WL 21350542, at *4 (Del. Super. June 6, 2003).

record before the Referee and the information presented at the UIAB's additional hearing. Appellant presented no evidence other than his testimony to support the contention that he made an honest mistake. The UIAB, sitting as the trier of fact, found that Appellant's testimony that he inadvertently turned in a twenty dollar bill instead of the hundred dollar bill was not credible.[68] Therefore, the UIAB acted within its discretion to reject that argument.[69] Similarly, the UIAB acted within its discretion to reject Appellant's argument that his poor English prevented him from understanding the allegations.

Additionally, the other evidence presented before the Referee and the UIAB supports the UIAB's conclusion that Appellant was terminated for just cause. The Incident Report indicates that the incident was captured on video and the video shows that Appellant picked up at hundred dollar bill from the casino floor and turned in a twenty dollar bill.[70] After initially denying that he found a hundred dollar bill, Appellant subsequently admitted that he picked up the hundred dollar bill and only turned in a twenty dollar bill.[71] Furthermore, Appellant admitted that he executed the "Employee Acknowledge Form" in which he acknowledged

---

[68] R. at 70.

[69] *See Tatum v. State*, 941 A.2d 1009, 1011 (Del. 2007) ("The factfinder is solely responsible for judging the credibility of the witnesses and resolving conflicts in the evidence. In this case it was entirely within the [factfinder's] discretion to credit [witness'] version of events.").

[70] R. at 52.

[71] *Id.*

receipt of the Standards of Conduct on April 19, 2012.[72] Appellant further admitted that "it was [his] misjudgment that night that [he] took the hundred dollars"[73] and also acknowledged that "[he] violat[ed] company policy."[74] Therefore, the UIAB's determination that Appellant violated Delaware Park Standards of Conduct was neither arbitrary and capricious nor unreasonable. Accordingly, the Court finds that the UIAB's decision is supported by substantial evidence.

## V. CONCLUSION

The Court finds that the UIAB's decision is supported by substantial evidence and free of legal error. Therefore, the decision of the UIAB is hereby **AFFIRMED**.


**IT IS SO ORDERED.**


_____
**/s/** Ferris W. Wharton, Judge

---

[72] R. at 50.
[73] Aug. 20, 2014 Tr. at 5: 10-11.
[74] *Id.* at 6: 11-12.