Lucetta M. FISHER and Joseph H. Fisher, her husband, Plaintiffs Below, Appellants,

v.

Robert G. BIGGS, Defendant Below, Appellee.

Supreme Court of Delaware.

Sept. 28, 1971.

William Prickett and Wayne N. Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, for appellants.

James F. Kipp of Becker & Kipp, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This matter originated in this court as an appeal from a judgment entered on a jury's verdict for the defendant. The action is a personal injury action.

Following the filing of this appeal we heard argument on the merits. Prior to decision, the appellee moved to dismiss the appeal on the ground that the docketing of it was not timely under the law. At the time of the docketing of this appeal, 10 Del.C. § 148 and Rule 23 of this Court provided that a notice of appeal must be filed with the Clerk of this Court within 60 days of the entry of the judgment from which the appeal is taken.*

The verdict of the jury in this case was returned on October 28, 1970 and judgment thereupon was entered as a matter of course pursuant to Rule 58 of the Civil Rules of the Superior Court. Thereafter, on November 18, the time for the filing of a motion for judgment notwithstanding the verdict under Rule 50(b) and for a new trial under Rule 59 of the Superior Court Civil Rules was extended by the trial judge. Such motions were actually filed on November 20, 1970. On January 5, 1971 the trial judge denied the motion for a new trial and for judgment notwith-

---

* The appeal period has now been reduced to 30 days. 58 Laws, Ch. 22.

standing the verdict. Thereupon this appeal followed on January 28, 1971.

On June 14, 1971 this Court handed down its decision in Preform Building Components, Inc. v. Edwards, 280 A.2d 697, holding that the extension of time for the filing of a motion for a new trial did not and could not extend the running of the time for appeal following the entry of judgment. The reason is that Rule 6(b) of the Superior Court Civil Rules prohibits the extension of the time for the filing of a motion for a new trial beyond the 10-day period prescribed by Rule 59. Rule 6(b) makes the same provision as to Rule 50(b) motions. Under the *Preform* decision, the filing of a timely motion under Rule 50(b) or Rule 59 will extend the appeal period pending disposition of the motion, but the 10-day period for the filing of either type of motion may not be extended. It is obvious that, applying this rule, the docketing of the appeal before us was not timely since it was not filed within the prescribed appeal period.

It is fundamental that the appellate jurisdiction of this court rests wholly upon the perfecting of an appeal within the period of limitations fixed by law. Trowell v. Diamond Supply Co., 8 Terry 422, 91 A. 2d 797 (Del.Supr., 1952); Casey v. Southern Corporation, 26 Del.Ch. 447, 29 A.2d 174 (1942). In *Preform* we held that an extension of time for the filing of a motion for a new trial was a nullity, and of no legal significance. The same situation exists in this case, and we think we are without jurisdiction since the appeal was not filed within the prescribed 60 days after entry of judgment. It follows, therefore, that the appeal must be dismissed.

It is true that in the *Preform* case the trial judge extended the time for filing a motion for a new trial and the appellee squarely presented to him the issue of whether or not the motion for a new trial was timely.

The appellant before us argues that the instant case differs in that no argument was made to the trial judge that he was without power to extend the time for the filing of a motion for a new trial or a judgment notwithstanding the verdict. Appellant relies on Thompson v. Immigration and Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) in which a divided court upheld jurisdiction to entertain a petition for a writ of certiorari to review a judgment denying naturalization where a motion for an amendment of findings of fact was made 12 instead of 10 days after the entry of the judgment. The majority ruled that the action of the trial judge in holding the motion to have been filed timely was sufficient to avoid the prohibition in the rules against an appeal docketed later than 60 days from the entry of judgment. Four members of the Court dissented on the ground that the 60-day period was jurisdictional and could not be extended by a trial judge who was specifically prohibited from doing so by the rules of the Federal District Courts. We agree with the rationale of the dissenting opinion and reject the ruling of the majority. While the *Thompson* case is a decision by the Supreme Court of the United States, it is nevertheless not binding upon us in this respect.

The appellant, however, argues that in the opinion in the *Preform* case we especially carved out the rule of *Thompson* as an exception to the general rule we laid down there. The appellant, however, reads too much into the reference in the *Preform* opinion to Thompson v. Immigration Service. Our language did not approve in principle the majority opinion of *Thompson,* but merely referred counsel to it for comparison purposes. We now expressly refuse to follow the majority rule in the *Thompson* case.

The motion to dismiss is granted.