IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN DUPREE, | § | |
| | § | No. 342, 2014 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | Cr. ID No. 0408024419 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted:  July 3, 2014
Decided:    July 14, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **RIDGELY**, Justices.

**O R D E R**

This 14th day of July 2014, it appears to the Court that:

(1)    The appellant, John Dupree, is an inmate incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware.  On June 25, 2014, the Court received Dupree's notice of appeal from a Superior Court order dated April 24, 2014 and docketed on April 25, 2014 denying his motion for postconviction relief.  Under 10 *Del. C.* § 147 and Supreme Court Rule 6(a)(iii), the notice of appeal should have been filed on or before May 27, 2014.[1]

---

[1] *See* 10 *Del. C.* § 147 (providing that "[n]o appeal from the Superior Court in a criminal action shall be received or entertained in the Supreme Court" unless the notice of appeal

(2) On June 25, 2014, the Clerk issued a notice under Supreme Court Rule 29(b), directing Dupree to show cause why the appeal should not be dismissed as untimely filed. In his response to the notice filed on July 3, 2014, Dupree asserts that his delay in filing the appeal was due to his extended hospitalization from February 11, 2014 until May 21, 2014, during which time his "legal work" was stored in the prison property room and was not returned until June 9, 2014, and his inability to "get to the [prison] law library" until June 23, 2014.

(3) In Delaware, "[t]ime is a jurisdictional requirement."[2] "[T]he appellate jurisdiction of this Court rests wholly upon the perfecting of an appeal within the period of limitations fixed by law."[3] The jurisdictional defect created by the untimely filing of an appeal cannot be excused unless the appellant can demonstrate that the delay in filing the appeal is attributable to court-related personnel.[4]

---

is filed in the office of the Clerk within thirty days after the date of the Superior Court judgment); Del. Supr. Ct. R. 6(a)(iii) (providing that an appeal from a proceeding for postconviction relief must be filed within thirty days after entry upon the docket of the judgment); Del. Supr. Ct. R. 11(a) (providing that the last day of the time period shall be included unless it is a Saturday or Sunday, or other legal holiday . . . in which event the period shall run until the end of the next day the office of the Clerk is open). May 26, 2014 was a legal holiday.

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979); *see also Alford v. State*, 2013 WL 3484679 (Del. July 8, 2013) ("Unless the appellant can demonstrate that the failure to file a timely

2

(4)     In this case, Dupree does not contend, and the record does not reflect, that his failure to timely file the appeal is attributable to court-related personnel.[5]  The case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

notice of appeal is attributable to court-related personnel, his appeal may not be considered."); *Wilson v. W.E. Cleaver & Sons, Inc.*, 1998 WL 986038 (Del. Nov. 30, 1998) (concluding that medical hardship did not excuse failure to comply strictly with jurisdictional time requirement for filing an appeal).

[5] *See Zuppo v. State*, 2011 WL 761523 (Del. Mar. 3, 2011) (holding that prison personnel are not court personnel).