IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANA HOCKENSMITH, | § | |
| | § | No. 591, 2014 |
| Appellant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| UNEMPLOYMENT INSURANCE | § | C.A. No. 14A-03-006 |
| APPEAL BOARD, | § | |
| | § | |
| Appellee Below, | § | |
| Appellee. | § | |

Submitted: November 12, 2014
Decided: December 11, 2014

Before **STRINE**, Chief Justice, **RIDGELY** and **VALIHURA**, Justices.

**O R D E R**

This 11th day of December 2014, it appears to the Court that:

(1) On October 20, 2014, the appellant, Dana Hockensmith, filed a notice of appeal from a Superior Court order dated and docketed on September 17, 2014, in an appeal from a decision of the Unemployment Insurance Appeal Board. On its face, the notice of appeal was untimely filed. Under title 10, section 148 of the Delaware Code and Supreme Court Rule 6(a)(i), the notice of appeal should have been filed on or before

October 17, 2014.[1] To be effective, a notice of appeal must be received by the Office of the Clerk of this Court within thirty days after entry upon the docket of the order from which the appeal is taken.[2]

(2) On October 21, 2014, the Clerk issued a notice under Supreme Court Rule 29(b), directing Hockensmith to show cause why the appeal should not be dismissed as untimely filed. In her response to the notice, Hockensmith asserts that the appeal should not be dismissed because she filed the notice of appeal on October 20, 2014, within thirty days of September 20, 2014, the date she received the September 17, 2014 order.

(3) "[T]he appellate jurisdiction of this [C]ourt rests wholly upon the perfecting of an appeal within the period of limitations fixed by law."[3] The jurisdictional defect created by the untimely filing of an appeal cannot be excused unless the appellant can demonstrate that the delay in filing the appeal is attributable to court-related personnel.[4]

---

[1] *See* 10 Del. C. § 148 ("No appeal from a final judgment of the Superior Court in a civil action shall be received or entertained in the Supreme Court unless the . . . notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree."); Del. Supr. Ct. R. 6(a)(i) (providing that an appeal in a civil case must be filed within thirty days "after entry upon the docket of the judgment, order or decree from which the appeal is taken").

[2] Del. Supr. Ct. R. 10(a).

[3] *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971).

[4] *McMillan v. State*, 2013 WL 5974110 (Del. Nov. 7, 2013) (citing *Bey v. State*, 402 A.2d 362, 363 (Del. 1979)).

2

(4) In this case, Hockensmith does not contend, and the record does not reflect, that her failure to timely file the appeal is attributable to court-related personnel. The case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice