# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,        )
                              )
                              )
      v.                    )        **Crim. ID. No. 1312012959**
                              )
                              )
**ISHMAEL N. KWALALON**      )

Submitted: July 16, 2015
Decided: August 3, 2015

## ORDER

*Upon Defendant Ishmael Kwalalon's "Motion for Permission to File Motion to Suppress Evidence Out of Time,"*
**DENIED**.

This 3rd day of August, 2015, upon consideration of the Defendant's Motion for Permission to File Motion to Suppress Evidence Out of Time (D.I. 44), the State's response thereto (D.I. 46), the Defendant's reply (D.I. 49) and the record in this matter, it appears to the Court that:

(1) Defendant Ishmael Kwalalon ("Kwalalon") was arrested for illegal possession of two firearms and drug paraphernalia that were found in his bedroom on December 20, 2013.

(2)	On August 22, 2014, Kwalalon, through counsel, filed a timely motion to suppress evidence.[1]  His attorney filed written supplements to that motion (D.I. 17, D.I. 21) and, on two separate dates, the Court heard evidence and arguments from the parties.  (D.I. 18, D.I. 20).

(3)	The Court reserved decision at the close of the second hearing on December 12, 2014.  And on February 13, 2015, the Court issued a 16-page written opinion and order denying Kwalalon's suppression motion.[2]

(4)	On June 9, 2015, Kwalalon's current counsel entered his appearance. (D.I. 41).  A new trial date of August 18, 2015, was set shortly thereafter. (D.I. 43).

(5)	On July 6, 2015, Kwalalon's new counsel filed the instant application which he captions a "Motion for Permission to File Motion to Suppress Evidence Out of Time."

(6)	Given the procedural history of this matter and the arguments made (and waived) by Kwalalon both now and during the prosecution of his motion to suppress, however, this is actually a motion for reargument under

---

[1]	Scheduling Order (July 21, 2014) at ¶ 3 ("Motions . . . to suppress must be filed within twenty (20) days of the first case review.").  First Case Review occurred on August 4, 2014. *Id.*

[2]	*State v. Kwalalon*, 2015 WL 721255 (Del. Super. Ct. Feb. 13, 2015).

this Court's rules.[3]    This determination is particularly important here because the Court has no jurisdiction now to consider a reargument motion.[4]

(7)    Kwalalon claims now that the Court should revisit suppression because, in his view, "there are two meritorious issues . . . not raised in the motion to suppress . . . that were, therefore, neither considered nor ruled upon by" the Court.[5]    The arguments Kwalaon now wants to make devolve into a claim that the warrant issued to search his home was not supported by probable cause.[6]

(8)    During the protracted suppression proceedings, the issue of whether the warrant issued to search 2 South Sherman Drive was supported by probable cause was addressed more than once.    In Kwalalon's written suppression motion, it was tailored: he argued that probable cause did not exist within the four corners of the warrant "for a person of reasonable caution to believe that evidence of a crime was located *within [Kwalalon's]*

---

[3]    *See Wilson v. State*, 2006 WL 1291369, at *1 n.3 (Del. May 9, 2006) (explaining that court should "consider the true substance of [a party's] claim" to discern the proper procedural mechanism applicable in a given instance).

[4]    *See, e.g., Zeneca, Inc. v. Monsanto Co.*, 1996 WL 104254, at *5 (Del. Ch. Mar. 7, 1996) ("In determining whether it has subject matter jurisdiction, this Court must examine the pleadings to determine the true substance of the relief [a party] actually seeks, and will not be bound by the form of relief as described [by the party.]").

[5]    Def.'s Mot. to File Out of Time at 2.

[6]    *See generally* Def.'s Proposed Mot. to Suppress, Ex. A to Def.'s Mot. to File out of Time.

*bedroom.*"[7]   At the first session of the suppression hearing, Kwalalon admitted that the warrant authorizing the search of 2 South Sherman Drive was supported by probable cause:

> **The Court:** [. . .] It seems to me that your argument is not so much that this search warrant wasn't supported by probable cause or even the breadth of the search warrant, but as to the execution of the warrant?
>
> **[Defense Counsel]:** That is correct, Your Honor. I think the scope of the search itself was overly broad as it relates to Ishmael Kwalalon. I am not arguing that there was not probable cause to search the house and areas of the house that George Shaheen had control over. I believe it was clear that there was probable cause outlined in the warrant, in the affidavit attached to the warrant, that he was distributing drugs from that house.
>
> My argument is simply that there was not probable cause to believe that Mr. Kwalalon was engaged in any criminal activity.[8]

And during the continuation of the suppression hearing, Kwalalon began his closing suppression argument thusly:

> **[Defense Counsel]:** Your Honor, I think that the facts in this case as it relates to the motion are not in dispute. The investigation revealed that George Shaheen was dealing drugs out of the house, that's clear. I think there was probable cause to search for items related to his distribution of drugs within that residence.[9]

---

[7]    Def.'s Mot. to Suppress at 6 (emphasis added).

[8]    Suppression Hr'g. Tr. (Oct. 10, 2014), at 8-9.

[9]    Suppression Hr'g. Tr. (Dec. 12, 2014), at 32.

-4-

Having been unsuccessful in the first instance, Kwalalon jettisons these earlier arguments and tries now to procure suppression by claiming that the search warrant issued for 2 South Sherman Drive was not – because of its contents' staleness or illegality – supported by probable cause.[10] Without doubt, Kwalalon's is a motion for reargument.

(9)    Superior Court Civil Rule 59(e) (made applicable to criminal cases pursuant to Superior Court Criminal Rule 57(d))[11] permits the Court to reconsider its findings of fact, conclusions of law, or judgments.[12] But any request for such reconsideration must be timely.[13]    Here, a motion for reargument had to be served and filed within five days of the Court's

---

[10]    *See generally* Def.'s Proposed Mot. to Suppress, Ex. A to Def.'s Mot. to File Out of Time.

[11]    Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."); Super. Ct. Civ. R. 59(e) (providing a vehicle for motions for reargument of the Court's decisions).

[12]    *Bd. of Managers of the Delaware Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003).

[13]    *Samuel v. State*, 2010 WL 3245109, at *1 (Del. Aug. 17, 2010) ("A timely-filed motion for reargument is 'the proper device for seeking reconsideration' of a trial court's findings of fact and conclusions of law.") (quoting *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)).

February 13th opinion and order denying suppression.[14]  Kwalalon thus had until Monday, February 23, 2015, to serve and file a motion for reargument.[15]  Kwalalon's present motion was filed July 9, 2015, and was, therefore, untimely.[16]  Under settled Delaware law, the Court has no authority to extend the time in which to move for reargument.[17]  And because Kwalalon's reargument motion is untimely, the Court has no jurisdiction to consider it.[18]

(10)  Even when timely, it is well-settled that a motion for reargument is not a device for rehashing arguments already presented *or* for raising new arguments.[19]  Yet, that is precisely what Kwalalon attempts

---

[14]  *Haskins v. State*, 2008 WL 644200 (Del. March 11, 2008).

[15]  *See* Super. Ct. Crim. R. 45(a) (excluding Saturdays, Sundays, and legal holidays).

[16]  *See Colon v. State*, 2008 WL 5533892 (Del. Nov. 13, 2008) (motion to reargue filed six days after the filing of the motion sought to be reargued was untimely).

[17]  *Id.* (citing Super. Ct. Civ. R. 6(b)); *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971).

[18]  *Boyer v. State*, 2007 WL 452300 (Del. Feb. 13, 2007) (citing *Preform Building Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971)).

[19]  *State v. Abel*, 2011 WL 5925284, at *1 (Del. Super. Ct. Nov. 28, 2011) ("It is well settled that a motion for reargument is not an opportunity for a party to revisit arguments already decided by the Court *or to present new arguments not previously raised*.") (emphasis added); *Cummings v. Jimmy's Grille, Inc.*, 2000 WL 1211167, at *2 (Del. Super. Ct. Aug. 9, 2000) ("A Motion for Reargument is not a device for raising new arguments or stringing out the length of time for making an argument.").

here.[20]  Thus, even if Kwalaon's was a proper and timely motion under Rule 59(e), it would not warrant the relief he seeks.[21]

(11)   And, even if this Court is mistaken to consider Kwalalon's current application a motion for reargument, the circumstances here do not warrant the relief of allowing an untimely second motion to suppress.

(12)   This Court is vested with authority to set the time for the filing and hearing of pretrial motions.[22]  Under the scheduling order in this case, Kwalalon timely filed a suppression motion.[23]  It was fully litigated through written submissions, evidentiary hearings, and a written opinion.  He now seeks to retread the same ground – the validity of the search of his bedroom under the warrant granted for 2 South Sherman Drive – more than 10 months after the deadline for filing any suppression motion has passed and as the matter's sixth trial date looms.  The reason for this?  New defense counsel has just been hired to engage a new suppression strategy.

---

[20]   Def.'s Reply at 5 (Kwalalon "is asking to supplement the factual matters in the record . . . and to make two arguments of law not previously made to, or considered by, the Court.").

[21]   *Abel*, 2011 WL 5925284, at *1.  *See Benge v. State,* 101 A.3d 973, 978 (Del. 2014) (reargument motion is directed to the sound discretion of this Court).

[22]   *State v. Ayers*, 2014 WL 606562, at *2 (Del. Super. Ct. Jan. 24, 2014).

[23]   *Supra* note 1 and accompanying text.

(13) "Absent exceptional circumstances, the Superior Court is not required to consider an untimely motion to suppress."[24] And "a change in representation alone does not rise to the level of exceptional circumstances warranting the Court's consideration of an untimely motion to suppress."[25] Particularly where that new representation merely seeks to engage a new offensive on the same issue – the validity of the search of Kwalaon's home under the warrant issued therefor – using evidence and information available to prior counsel.[26]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Defendant's "Motion for Permission to File Motion to Suppress Evidence Out of Time" is **DENIED.** If it is, as the Court finds it to be, truly an untimely motion for reargument of the Court's earlier suppression decision, the Court has no jurisdiction to consider it[27] and it is improperly based.[28] If,

---

[24] *Small v. State*, 2015 WL 71631, at *3 (Del. Jan. 5, 2015); *Pennewell v. State*, 2003 WL 2008197, at *1 (Del. Jan. 28, 2003); *Barnett v. State*, 691 A.2d 614, 615 (Del. 1997), *abrogated on other grounds by Lecates v. State*, 987 A.2d 413 (Del. 2009).

[25] *Ayers*, 2014 WL 606562, at *2 (discussing cases and noting that "[e]xceptional circumstances exist when there are circumstances that warrant the Court's consideration of the untimely motion, and those circumstances 'outweigh the countervailing interest in ensuring the timely and orderly processing of the Superior Court's criminal docket'").

[26] *Id.* at *2-3.

[27] *Brooks v. State*, 2008 WL 5250269, at *1 (Del. Dec. 18, 2008) ("It is well-settled that the Superior Court has no jurisdiction to consider an untimely motion for reargument.").

on the other hand, it is an untimely motion to suppress, these are not circumstances in which the Court would exercise its discretion to allow such.[29]

**SO ORDERED this 3rd day of August, 2015.**


**/s/ Paul R. Wallace_____**
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc:    Joseph W. Benson, Esquire
       Eric H. Zubrow, Esquire

---

[28]    *State v. Dunning*, 2013 WL 5784426 (Del. Super. Ct. Oct. 4, 2013) ("Parties are barred from raising new arguments in a motion for reargument. When a movant advances a new argument that was not previously asserted, and the movant had a prior opportunity to make that argument before the Court, that argument is inappropriate and the Court will not consider its merits. Allowing otherwise would not promote efficient use of judicial resources and would result in prejudice to the non-moving party.") (citations omitted).

[29]    *Carney v. State*, 2007 WL 2254543, at *2 (Del. Aug. 7, 2007) ("The Superior Court has broad discretion to 'enforce its rules of procedure and pre-trial orders.'") (quoting *Barnett*, 691 A.2d at 616).