IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GINA HENRY, | § | |
| | § | No. 462, 2015 |
|     Appellant Below, | § | |
|     Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
|     v. | § | in and for Sussex County |
| | § | |
| MOUNTAIRE FARMS OF | § | C.A. No. S15A-01-002 |
| DELAWARE, INC. and | § | |
| UNEMPLOYMENT INSURANCE | § | |
| APPEAL BOARD, | § | |
| | § | |
|     Appellees Below, | § | |
|     Appellees. | § | |

Submitted: September 3, 2015
Decided: November 16, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

# O R D E R

This 16th day of November 2015, it appears to the Court that:

(1) On August 27, 2015, the *pro se* appellant, Gina Henry, filed a notice of appeal from a Superior Court order dated and docketed on July 22, 2015, affirming a decision of the Unemployment Insurance Appeal Board. Henry's notice of appeal was untimely filed. Under title 10, section 148 of the Delaware Code and Supreme Court Rule 6(a)(i), the notice of appeal

should have been filed on or before August 21, 2015.[1] To be effective, a notice of appeal must be received by the Office of the Clerk of this Court within thirty days after entry upon the docket of the order from which the appeal is taken.[2]

(2) "[T]he appellate jurisdiction of this [C]ourt rests wholly upon the perfecting of an appeal within the period of limitations fixed by law."[3] The jurisdictional defect created by the untimely filing of an appeal cannot be excused unless the appellant can demonstrate that the delay in filing the appeal is attributable to court-related personnel.[4] An appellant's *pro se* status does not excuse a failure to comply strictly with the Court's jurisdictional requirements.[5]

(3) On August 27, 2015, the Clerk issued a notice under Supreme Court Rule 29(b), directing Henry to show cause why this appeal should not

---

[1] *See* 10 *Del. C.* § 148 ("No appeal from a final judgment of the Superior Court in a civil action shall be received or entertained in the Supreme Court unless the . . . notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree."); Del. Supr. Ct. R. 6(a)(i) (providing that an appeal in a civil case must be filed within thirty days "after entry upon the docket of the judgment, order or decree from which the appeal is taken").

[2] Del. Supr. Ct. R. 10(a).

[3] *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971).

[4] *McMillan v. State*, 2013 WL 5974110 (Del. Nov. 7, 2013) (citing *Bey v. State*, 402 A.2d 362, 363 (Del. 1979)).

[5] *Alcock v. Residence Inn by Marriott, Inc.*, 2012 WL 2870217 (Del. July 12, 2012) (citing *Carr v. State*, 554 A.2d 778, 779 (Del. 1989)).

be dismissed as untimely filed. Henry's response to the notice takes issue with the proceedings before the Unemployment Insurance Appeal Board. Henry does not address the untimeliness of her appeal in this Court.

(4)     Henry does not contend, and the record does not reflect, that her failure to timely file the appeal is attributable to court-related personnel. Thus, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice