# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ISRAT J. ALAM, | ) | |
| | ) | |
| Appellant, | ) | C.A. No. N15A-02-009 RRC |
| v. | ) | |
| | ) | |
| BRANDYWINE SCHOOL | ) | |
| DISTRICT, and THE | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: October 2, 2015
Decided:  December 30, 2015

On Appellee Unemployment Insurance Appeal Board's Motion to Dismiss
Appeal Pursuant To Superior Court Civil Rule 72(i).
**GRANTED.**

# <u>ORDER</u>

Israt J. Alam, Wilminton, Delaware, *pro se,* Appellant.

Paige J. Schmittinger, Esquire, Deputy Attorney General, Department of
Justice, Wilmington, Delaware, Attorney for the Unemployment Insurance
Appeal Board.

David H. Willaims, Esquire, James H. McMackin, Esquire, and Allyson B.
DiRocco, Esquire, Morris James, LLP, Wilmington, Delaware, Attorneys for
Brandywine School District.

COOCH, R.J.

This 30th day of December, 2015, on appeal from a decision of the
Unemployment Insurance Appeal Board, it appears to the Court that:

1. Appellant Israt Alam worked as an English as a Second Language Tutor for Brandywine School District.[1] Ms. Alam began her position with the district in 2008. Although her position with the district was dependent on it receiving a federal grant, Ms. Alam was rehired each year through the 2014-2015 school year.[2]

2. On June 8, 2014, during the district's regular summer break, Ms. Alam applied for unemployment benefits. That application was denied on June 27, 2014. The Delaware Department of Labor determined that she was not entitled to unemployment benefits, because she had "a reasonable assurance that she would be returning to work for the school district in the next school year,"[3] as she had been in all previous years.

3. Ms. Alam timely appealed her denial of unemployment benefits to an Appeals Referee, and a hearing was held on October 20, 2014.[4] On October 24, the Appeals Referee affirmed the denial of her benefits.[5] Ms. Alam again filed a timely appeal with the Unemployment Insurance Appeal Board, and another hearing was held on November 26, 2014. On January 2, 2015, the Board affirmed the decision of the Appeals Referee.

---

[1] R. at 76.

[2] *Id.*

[3] *Id.* at 19. *See also* 19 *Del. C.* § 3315(7)(a) (stating employees who provide services in an educational institution are not entitled to unemployment benefits for periods of unemployment during successive academic years or terms when the employee has a reasonable assurance that she will "perform service[s] in any such capacity for any educational institution" in the next academic year or term).

[4] Ms. Alam first appealed the Department's decision to an Appeals Referee and a hearing was held on July 30, 2014. R. at 28. The decision from that hearing was remanded by the Unemployment Insurance Appeal Board on September 25, 2014. *Id.* at 62. However, the reason for the Board's remand was because it "accepted the [district's] reason for not attending the first Referee hearing." *Id.* Therefore, Ms. Alam's first two appeals and remand do not affect her current appeal.

[5] *Id.* at 75-77.

4. Despite being aware of the 10-day deadline to file an appeal of the Board's decision with this Court,[6] Ms. Alam did not file a Notice of Appeal until February 26, 2015.[7]

5. "As a matter of law 'the appellate jurisdiction rests wholly upon the perfecting of an appeal within the within the period of limitations fixed by law.'"[8] "The jurisdictional defect that is created cannot be excused except in the presence of 'exceptional circumstances that are attributable to court personnel and are not attributable to the appellant or the appellant's attorney.'"[9]

6. This Court lacks jurisdiction to review Ms. Alam's appeal and she has failed to show good cause why that jurisdictional defect should be excused. By her own admission, Ms. Alam missed the 10-day deadline to appeal the Board's decision, because she was out of the country. When she returned, Ms. Alam sent the Prothonotary a letter on January 21, 2015. In her letter, Ms. Alam stated that she knew she had already missed the January 12 deadline to file an appeal, but requested an extension. She then did not file her one-page Notice of Appeal until February 26, 2015, more than a month after her letter and more than six weeks after the deadline to appeal. Lastly, Ms. Alam has failed to allege any exceptional circumstances that are attributable to Court personnel and are not attributable to her own lack of diligence. Lastly, since this Court lacks jurisdiction to review Ms. Alam's appeal, the Court need not reach its merits, as otherwise argued by Brandywine School District in its Answering Brief. The rationale of the Board in support of its Motion to Dismiss applies equally to Brandywine School District.

---

[6] Ms. Alam sent a letter to the Prothonotary on January 21, 2015, stating, "[she] missed the deadline to file an appeal," because she was out of the country. The deadline to appeal the Board's decision was January 12, 2015. R. at 104.

[7] *Id.* at 103. Ms. Alam did not file her Opening Brief until August 10, 2015.

[8] *Wilson v. Masten Lumber*, 1993 WL 590326, at *2 (Del . Super. Dec. 21, 1993) (quoting *Fisher v. Boggs*, 284 A.2d 117, 118 (Del. 1971)).

[9] *Ranieri v. Clausen*, 2002 WL 31111985, at *1 (Del. Super. Sept. 24, 2002) (quoting *Draper King Cole v. Malave*, 743 A.2d 672, 673 (Del. 1999)). *See also McKinley v. First Impressions, Inc*, 2005 WL 1654013, at* 1 (Del. Super. June 20, 2005) (holding that a claimant's failure to file a timely appeal because the claimant was out of town when the initial determination of benefits was made and claimant did not respond until the second notice was received was not good cause to excuse the waiver of the time requirement), *aff'd*, 897 A.2d 768 (Del. 2006) (TABLE).

Therefore, Appellee Unemployment Insurance Appeal Board's Motion to Dismiss Pursuant To Superior Court Civil Rule 72(i) is **GRANTED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:    Prothonotary