IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAYWARD EVANS, | § | |
| | § | No. 636, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0111010136 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 18, 2015
Decided: February 19, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 19th day of February 2016, it appears to the Court that:

(1) The appellant, Hayward Evans, is an inmate incarcerated in a Delaware correctional facility. On November 24, 2015, the Court received Evans' notice of appeal from a Superior Court order docketed on October 21, 2015, dismissing his motion for postconviction relief as procedurally barred.[1] Under Supreme Court Rule 6(a)(iv), the notice of appeal should have been filed on or before November 20, 2015.[2]

---

[1] *State v. Evans*, 2015 WL 6437721 (Del. Super. Oct. 21, 2015).
[2] Del. Supr. Ct. R. 6(a)(iv) (providing that an appeal from a proceeding for postconviction relief must be filed within thirty days after entry upon the docket of the judgment sought to be reviewed).

(2)     On December 8, 2015, the Clerk issued a notice directing Evans to show cause why the appeal should not be dismissed as untimely filed.[3]  Evans has filed a response, explaining that he was under the impression that counsel would be appointed to assist him in filing the appeal.  Evans contends that he was unable to prepare the necessary appeal papers within the thirty-day appeal period.

(3)     In Delaware, "[t]ime is a jurisdictional requirement."[4]  "[T]he appellate jurisdiction of this [C]ourt rests wholly upon the perfecting of an appeal within the period of limitations fixed by law."[5]  The jurisdictional defect created by the untimely filing of an appeal cannot be excused unless the appellant can demonstrate that the delay in filing the appeal is attributable to court-related personnel.[6]  An appellant's *pro se* status does not excuse the failure to comply strictly with the jurisdictional requirements for filing a notice of appeal.[7]

(4)     The record does not reflect that Evan's failure to file a timely appeal is attributable to court-related personnel.  This case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

---

[3] Del. Supr. Ct. R. 29(b) (governing involuntary dismissal upon notice of the Court).
[4] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[5] *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971).
[6] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[7] *Carter v. State*, 2013 WL 5974913 (Del. Nov. 8, 2013) (citing *Carr v. State*, 554 A.2d 778, 779 (Del. 1989)).

2

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6(a)(iv) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice