IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYMOND DORMAN, | § | |
| | § | No. 359, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 90004868DI (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 21, 2017
Decided: October 30, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

This 30th day of October 2017, it appears to the Court that:

(1) On September 5, 2017, the appellant, Raymond Dorman, filed a notice of appeal from the Superior Court's order dated July 21, 2017, dismissing his third motion for postconviction relief. On its face, Dorman's notice of appeal was untimely filed.

(2) Under Supreme Court Rule 6, a notice of appeal in a postconviction proceeding must be received by the Clerk of this Court[1] no later than thirty days after the order that is sought to be reviewed was entered on the docket of the Superior

---

[1] Del. Supr. Ct. R. 10(a).

Court.[2]  In this appeal, the order dated July 21, 2017 in Dorman's postconviction proceeding was entered on the Superior Court docket on July 24, 2017.  Therefore, any appeal from the order was required to be filed on or before August 23, 2017.  Dorman's notice of appeal was not received for filing until September 5.

(3)     On September 6, 2017, the Clerk issued a notice under Supreme Court Rule 29(b) directing Dorman to show cause why this appeal should not be dismissed for his failure to file the notice of appeal within thirty days of July 24, 2017.[3]  Dorman's response to the notice was due no later than September 18, 2017.[4]  Dorman did not file a response on or before the September 18 deadline.  He did, however, submit a letter on September 21 stating that he was unable to respond to the notice to show cause because he is incarcerated in New Jersey and has no access to Delaware rules and statutes.

(4)     The Court's power to exercise its appellate jurisdiction rests upon the perfecting of an appeal within the time fixed by law.[5]  An appellant's *pro se* or incarcerated status does not excuse a failure to comply strictly with the Court's

---

[2] Del. Supr. Ct. R. 6(a)(iv).  *See* 10 *Del. C.* § 147 (providing that "[n]o appeal from the Superior Court in a criminal action shall be received or entertained in the Supreme Court" unless the appeal is filed with the Clerk within thirty days after the Superior Court judgment).
[3] Del. Supr. Ct. R. 29(b).
[4] Dorman's response to the notice to show cause was due within ten days of his receipt of the notice. *Id.*  Dorman received the notice on September 8, 2017.
[5] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).  *Dupree v. State*, 2014 WL 3511160 (Del. July 14, 2014) (citing *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971)).

jurisdictional requirements.[6] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[7]

(5) In this case, Dorman does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[6] *Mason v. State*, 2010 WL 3603588 (Del. Sept. 15, 2010) (citing *Carr v. State*, 554 A.2d at 779).
[7] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).