IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW JONES, | § | |
| | § | No. 377, 2017 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. S17C-07-013 |
| DR. ANIS AHMED and | § | |
| CONNECTIONS COMMUNITY | § | |
| SUPPORT PROGRAMS, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: October 5, 2017
Decided: October 31, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

This 31st day of October 2017, it appears to the Court that:

(1)     On September 18, 2017, the appellant, Matthew Jones, filed a notice of appeal from the Superior Court's order dated August 9, 2017, dismissing his civil complaint against Dr. Anis Ahmed and Connections Community Support Programs. On its face, Jones' notice of appeal was untimely filed.

(2)     Under Supreme Court Rule 6, a notice of appeal in a civil case must be received by the Clerk of this Court[1] no later than thirty days after the order sought

---

[1] Del. Supr. Ct. R. 10(a).

to be reviewed was entered on the trial court's docket.[2] In this case, the order dated August 9, 2017 was entered on the Superior Court's docket on August 9, 2017. Therefore, any appeal from the order was required to be filed in this Court on or before September 8, 2017. Jones' notice of appeal was not received for filing until September 18.

(3) On September 19, 2017, the Clerk issued a notice under Supreme Court Rule 29(b) directing Jones to show cause why the appeal should not be dismissed for Jones' failure to file the notice of appeal within thirty days of August 9, 2017.[3] Jones filed a response to the notice to show cause on October 5, 2017. He contends that the notice of appeal "was timely filed within 30 calendar days," but he is mistaken. Jones' notice of appeal was received by the Clerk on September 18, 2017, forty days after the August 9 order was entered on the Superior Court's docket.

(4) The Court's power to exercise its appellate jurisdiction rests upon the perfecting of an appeal within the time fixed by law.[4] An appellant's *pro se* status does not excuse a failure to comply strictly with the Court's jurisdictional requirements.[5] Unless an appellant can demonstrate that the failure to file a timely

---

[2] Del. Supr. Ct. R. 6(a)(i). *See* 10 *Del. C.* § 148 (providing that "[n]o appeal from the Superior Court in a civil action shall be received or entertained in the Supreme Court" unless the notice of appeal is filed in the Office of the Clerk within 30 days after the Superior Court's judgment).
[3] Del. Supr. Ct. R. 29(b).
[4] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989). *Dupree v. State*, 2014 WL 3511160 (Del. July 14, 2014) (citing *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971)).
[5] *Mason v. State*, 2010 WL 3603588 (Del. Sept. 15, 2010) (citing *Carr v. State*, 554 A.2d at 779).

notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6]

(5)     In this case, Jones does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[6] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

3