**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE**, | ) | |
| | ) | |
| **v.** | ) | **ID. No. 1703022008** |
| | ) | |
| **RICHARD C. WHITE,** | ) | |
| Defendant**.** | ) | |

Submitted: August 8, 2022
Decided: September 7, 2022

## <u>ORDER</u>

*Upon Defendant Richard C. White's Motion for Reargument
of his Motion for Postconviction Relief,*
**DENIED**.

This 7th day of September, 2022, upon consideration of the Defendant

Richard C. White's Motion for Reargument of his Motion for Postconviction

Relief (D.I. 62), the State's response thereto (D.I. 64), and the record in this

matter, it appears to the Court that:

(1)    In September of 2017, a grand jury indicted Mr. White for 11

counts of Rape in the Second Degree, one count of Continuous Sexual Abuse

of Child, one count of Dangerous Crime Against a Child, five counts of Sexual

Exploitation of a Child, one count of Dealing in Child Pornography, and six counts of Possession of Child Pornography.[1]

(2)    Mr. White pleaded guilty to a single count of Rape in the Second Degree.[2]  He did so in exchange for dismissal of all his remaining charges and the State's favorable sentencing recommendation.[3]

(3)    Following a presentence investigation, Mr. White was sentenced to serve a natural life term in prison.[4]

(4)    Mr. White docketed a timely direct appeal; his conviction and sentence were affirmed.[5]

(5)    Mr. White then filed a timely motion for postconviction relief under Superior Court Criminal Rule 61.  In that motion, Mr. White's single claim was that his plea colloquy was somehow inadequate and, therefore, his guilty plea cannot stand.[6]  Time and again during the litigation of his postconviction motion, Mr. White insisted his claim was that "a 'structural

---

[1]    Indictment, *State v. Richard C. White*, ID No. 1703022008 (Del. Super. Ct. Sept. 5, 2017) (D.I. 6).

[2]    Plea Agreement and TIS Guilty Plea Form, *State v. Richard C. White*, ID No. 1703022008 (Del. Super. Ct. Jan. 16, 2018) (D.I. 15).

[3]    *Id.*

[4]    Sentencing Order, *State v. Richard C. White*, ID No. 1703022008 (Del. Super. Ct. May 18, 2018) (D.I. 21).

[5]    *White v. State*, 2018 WL 6167326, at *3 (Del. Nov. 21, 2018).

[6]    *State v. White*, 278 A.3d 680, 684 (Del. Super. Ct. 2022).

error' invalidat[ed] his plea"[7]—*not* that he suffered ineffective assistance of counsel.[8] After fully considering Mr. White's arguments, the Court denied his motion finding that he had uncovered only a harmless omission from his plea colloquy and that postconviction relief was not warranted.[9]

(6) Mr. White then filed this present motion to reargue that seems to suggest the Court: (a) should not have taken him at his word when he said he was not bringing a claim of ineffective assistance of counsel; and (b) should have afforded greater weight to his claim that, due to lack of knowledge, he could not have raised his specific Rule 11 complaint earlier.[10]

(7) Superior Court Civil Rule 59(e) (made applicable to criminal cases pursuant to Superior Court Criminal Rule 57(d))[11] permits the Court to reconsider its findings of fact, conclusions of law, or judgments.[12] But any

---

[7] *Id.*

[8] *Id.* at 685.

[9] *Id.* at 691-94.

[10] Mot. for Reargument, at 2-3 (D.I. 62).

[11] Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."); Super. Ct. Civ. R. 59(e) (providing a vehicle for motions for reargument of the Court's decisions).

[12] *Bd. of Managers of the Del. Crim. Just. Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003).

request for such reconsideration must be timely.[13] Here, a motion for reargument had to be served and filed within five days of the Court's July 6, 2022 opinion and order denying postconviction relief.[14] Mr. White thus had until Wednesday, July 13, 2022, to serve and docket any motion for reargument.[15] Mr. White's present motion was docketed on July 18, 2022, and was, therefore, untimely.[16] Under settled Delaware law, the Court has no authority to extend the time in which a party must move for reargument.[17] And because Mr. White's reargument motion is untimely, the Court has no jurisdiction to consider it.[18] But even if Mr. White's motion was timely under Rule 59(e), it would not warrant the relief he seeks.

(8) It is well-settled that Rule 59(e) relief is appropriate only if the Court overlooked a controlling precedent or legal principle, or the Court misapprehended the law or facts such that it would have affected the outcome

---

[13] *Samuel v. State*, 2010 WL 3245109, at *1 (Del. Aug. 17, 2010) ("A timely-filed motion for reargument is 'the proper device for seeking reconsideration' of a trial court's findings of fact and conclusions of law.") (quoting *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)).

[14] *Haskins v. State*, 2008 WL 644200, at *1 (Del. March 11, 2008).

[15] *See* Super. Ct. Crim. R. 45(a) (excluding Saturdays, Sundays, and legal holidays).

[16] *See Colon v. State*, 2008 WL 5533892, at *1 (Del. Nov. 13, 2008) (affirming the Superior Court's decision that a "motion for reargument, filed six days after the filing of the order sought to be reargued, was untimely").

[17] *Id.* (citing Super. Ct. Civ. R. 6(b)); *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971).

[18] *Boyer v. State*, 2007 WL 452300, at *1 (Del. Feb. 13, 2007) (citing *Preform Bldg. Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971)).

of the underlying decision.[19] It is equally well-settled that a motion for reargument is not a device for rehashing arguments already presented *or* for raising new arguments.[20] No doubt then, such motion cannot be used to revisit a party's decision to expressly forgo a specific claim.[21] Yet, that is precisely what Mr. White attempts here.

(9) Citing his *pro se* status on postconviction, Mr. White suggests that the Court was mistaken to accept his unwavering rejection of any notion that he wished to argue ineffective assistance of counsel. When doing so, Mr. White cites to *Wilson v. State*.[22] That case does explain that this Court should "consider the true substance of [a party's] claim" to discern the proper *procedural* mechanism applicable in a given instance—in that case Rule 35 or Rule 61.[23] But *Wilson* hardly stands for the proposition that the Court can

---

[19] *See State v. Brown*, 2019 WL 3249402, at *2 (Del. Super. Ct. July 18, 2019) (setting forth the bases for reargument of a decision in a criminal matter).

[20] *State v. Abel*, 2011 WL 5925284, at *1 (Del. Super. Ct. Nov. 28, 2011) ("It is well settled that a motion for reargument is not an opportunity for a party to revisit arguments already decided by the Court or to present new arguments not previously raised.") (citation omitted).

[21] *See Cummings v. Jimmy's Grille, Inc.*, 2000 WL 1211167, at *2 (Del. Super. Ct. Aug. 9, 2000) ("A Motion for Reargument is not a device for raising new arguments or stringing out the length of time for making an argument.") (citation omitted).

[22] 2006 WL 1291369 (Del. May 9, 2006).

[23] *Id.* at *1 n.3.

re-write the substance of one's claim, much less ignore any movant's specific articulation of his substantive claim or express rejection of another.

(10) As to Mr. White's attempt to revisit the Court's application of the procedural default bar, the Court noted in its opinion: "it has previously been held that lack of knowledge as to one's rights does not constitute 'cause' under 61(i)(3)."[24] Thus, there was no misapprehension of controlling Rule 61 law here.

(11) At bottom, no matter whether Mr. White could now apply an ineffective-assistance gloss to his motion or somehow reconstitute his procedural arguments, the substance of his complaint remains the same. Mr. White has contended all along that because a specific caution was missing from his plea colloquy, his guilty plea must be stricken and he must be allowed to start anew.[25] The Court fully considered the merits of that substantive claim.[26] The Court found that Mr. White had not demonstrated that he had entered his plea under some misapprehension that he could withdraw his plea if the sentencing judge did not follow the State's recommendation.[27]

---

[24] *State v. White*, 278 A.3d 680, 688 (Del. Super. Ct. 2022) (cleaned up).

[25] *Id.* at 684, 687.

[26] *Id.* at 692-93.

[27] *Id.*

-6-

Moreover, Mr. White had not demonstrated that he would not have entered his plea had the Court included the missing Rule 11(e)(2) advisory.[28] When now asking for reconsideration, Mr. White wholly ignores these findings that are fatal to his Rule 61 (and Rule 11) claim.

(12) Consequently, Mr. White's untimely motion for reargument of the Court's earlier postconviction decision must be **DENIED**; the Court has no jurisdiction to consider it,[29] it is improperly based,[30] and his underlying claim without merit.

**SO ORDERED this 7ᵗʰ day of September, 2022.**

*/s/ Paul R. Wallace*
**Paul R. Wallace, Judge**

Original to Prothonotary

cc:    Richard C. White, *pro se*
       Diana A. Dunn, Deputy Attorney General

---

[28] *Id.*

[29] *Brooks v. State*, 2008 WL 5250269, at *1 (Del. Dec. 18, 2008) ("It is well-settled that the Superior Court has no jurisdiction to consider an untimely motion for reargument.").

[30] *Strong v. Dunning*, 2013 WL 5784426, at *2 (Del. Super. Ct. Oct. 4, 2013) ("Parties are barred from raising new arguments in a motion for reargument. When a movant advances a new argument that was not previously asserted, and the movant had a prior opportunity to make that argument before the Court, that argument is inappropriate and the Court will not consider its merits. Allowing otherwise would not promote efficient use of judicial resources and would result in prejudice to the non-moving party.") (citation omitted).